# In re LEONARD FORD, Curator, Appellant.

**St. Louis Court of Appeals. Argued and Submitted January 11, 1911. Opinion Filed May 2, 1911.**

1. **APPELLATE PRACTICE: Failure to Abstract Evidence: Presumption of Correctness of Judgment.** Where the abstract of the record does not set out the evidence adduced in the circuit court, in a proceeding for the removal of a curator, the appellate court, on appeal from a judgment of the circuit court, affirming a judgment of removal by the probate court, is bound to assume that the circuit court had before it sufficient evidence to warrant its judgment.

2. **CIRCUIT COURTS: Courts of General Jurisdiction: Presumptions.** The circuit court being a court of general jurisdiction, all presumptions must be indulged in to sustain a judgment rendered by it in a cause within its jurisdiction.

3. ————: **Appeals from Probate Courts: Trial De Novo: Presumptions.** Where proceedings to remove a curator, begun in the probate court, come to the circuit court on appeal, the latter court proceeds to try the case *de novo*, with all the powers of a circuit court in a case originating before it, and its proceedings and judgments are as conclusive as if the cause had originated before it.

4. **JURISDICTION: Circuit Courts: Appeals from Probate Courts.** If the probate court had no jurisdiction of a case before it, the circuit court can acquire none on appeal.

5. **JURISDICTION: Probate Courts: Jurisdiction over Subject-matter: Over Person: Effect of Appearance.** Where a probate court is without jurisdiction of the subject-matter, the appearance of the party cannot confer jurisdiction, but, where there is jurisdiction of the subject-matter, the appearance of the party, whether properly summoned or not summoned at all, will give the court full authority to determine the cause.

6. **JUDGMENTS: Conclusiveness: Probate Courts.** While the probate court is of limited jurisdiction, its acts and judgments within the scope of that jurisdiction are as conclusive as those of other courts of record having general jurisdiction.

7. **GUARDIANS AND CURATORS: Removal: Jurisdiction: Probate Courts.** Probate courts have sole original jurisdiction over the appointment and removal of curators.

8. **PROBATE COURTS: Equitable Jurisdiction: Guardians and Curators: Executors and Administrators.** While probate courts,

as to their original jurisdiction, are not courts of equitable jurisdiction, nevertheless in their procedure in and concerning the management of estates by guardians, curators, administrators and executors and in the exercise of control over these agencies, they act as do courts of chancery.

9. **GUARDIANS AND CURATORS: Removal: Complaint by Interested Party: Duty of Court: Statute Mandatory.** Under section 462, Revised Statutes 1909, providing that a curator may be removed in like manner as an executor or administrator, which, section 50 provides, shall be "upon complaint in writing made by any person interested, where a complaint, asking for the removal of a curator, and complying with the requirements of said section, is made in the probate court, and proper notice has been given the curator, the court must proceed to hear the complaint, and, if it finds the complaint just, must revoke the appointment.

10. ————: ————: **Complaint Not Necessary: Court May Cite on Own Motion: Jurisdiction.** The command of section 50, Revised Statutes 1909, (made applicable to curators by section 462) to proceed in the matter of the removal of a curator, in a certain contingency, is no limitation upon the inherent power of the court to proceed in all proper cases of its own motion; and so, notwithstanding the statute commands the court to hear a complaint for the removal of a curator, when made in writing, verified by affidavit, by any person interested, the court may, of its own motion and without such complaint, remove a curator on a citation issued by it and duly served on such curator; and while the law gives probate courts jurisdiction of the subject-matter of the removal of curators, it is the service of the citation and the appearance of the curator, or his appearance without service, that brings him into court and gives the court jurisdiction over his person.

11. ————: ————: ————: ————: **Nature of Citation: Defective Citation: Jurisdiction: Appearance.** A citation issued by a probate court of its own motion, for a curator to appear and show cause why he should not be removed is more than a mere summons, as it must sufficiently advise the curator of the charge against him, so as to enable him to prepare his defense; but even though such citation is defective, that fact does not oust the court of jurisdiction, and if, in such case, the one cited appears, he submits himself to the jurisdiction of the court.

12. **JURISDICTION: Pleading: Failure to State Cause of Action.** In a case within the jurisdiction of the court, the fact that there is no sufficient statement of the cause of action in the

petition does not oust the court of its jurisdiction over the subject-matter.

13. **APPELLATE PRACTICE: Removal of Curator: Reviewing Evidence.** In a proceeding for the removal of a curator, appealed from the probate court to the circuit court and from that court to the court of appeals, the latter court is bound to review the evidence, if it is preserved in the record and brought before such court.

### Dissenting Opinion by Caulfield, J.

14. **GUARDIANS AND CURATORS: Removal: Statutes: Statutory Construction.** The express provision of section 50, Revised Statutes 1909 (made applicable to curators by section 462) as to the manner in which curators may be removed includes a negative that such removal shall be in any other manner.

15. **———: ———: Complaint Jurisdictional: Jurisdiction.** While the probate court has jurisdiction of the subject-matter of the removal of curators, in the general and abstract sense that, by law, it has jurisdiction of that class of proceedings, it cannot acquire jurisdiction of a particular proceeding for such removal, unless a complaint is filed, as required by section 50, Revised Statutes 1909.

16. **JURISDICTION: Jurisdictional Steps: Filing of Petition.** Even in courts of general jurisdiction, where the law contemplates the filing of a petition or other form of complaint, jurisdiction of the subject-matter of a concrete case can be acquired only through the filing of such petition or complaint, since courts cannot, *ex mero motu*, set themselves in motion.

17. **———: Subject-Matter: Appearance.** Where the court lacks jurisdiction of the subject-matter of the particular case, and not merely over the person, the defect is not waived by appearance and going to trial.

18. **PROBATE COURTS: Jurisdiction: Presumptions.** The same liberal presumptions and intendments are not indulged to sustain the proceedings and jurisdiction of probate courts, attacked collaterally, that are indulged in behalf of other courts.

19. **APPELLATE PRACTICE: Attacking Judgment: Direct Attack.** An attack made on a judgment on appeal is a direct attack, made in the proceeding itself, and not a collateral one.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*C. T. Llewellyn* and *J. H. Talbott* for appellant.

(1), The "complaint verified by affidavit and ten days notice" as required by section 42 are jurisdictional and necessary, in order to authorize a court to act in the removal of a guardian or curator. Sec. 42, R. S. 1899; In re Estate of Padgett, 114 Mo. App. 312; Llewellyn v. Llewellyn, 87 Mo. App. 9; 1 Woerner's American Law of Administration, sec. 272. (2) There is no distinction between guardians and administrators as to their accounts and settlements. Oldham & Broaddus v. Trimble, 15 Mo. 225; State ex rel. v. Roland & Lehman, 23 Mo. 95. (3) The jurisdiction of a probate court is regulated by statute and is therefore a court of limited jurisdiction. Jenkins v. Morrow, 131 Mo. App. 298.

*George M. Callihan* for respondent.

The whole matter of appelant's conduct in the management of the estate and whether he had been guilty of such acts as would justify his removal as curator, having been submitted to the court on the voluntary appearance of appellant and his participation in the trial, there can be no question about the court having jurisdiction to render its judgment. King v. King, 73 Mo. App. 78; Carter v. Wamack & Stagg, 64 Mo. App. 338; Fitterling v. Railroad, 79 Mo. 504; Seay v. Sanders, 88 Mo. App. 495; In re estate of Padgett, 114 Mo. App. 307.

REYNOLDS, P. J.—The judge of the probate court of Clark county issued a citation to one Leonard Ford, as curator of the estate of Ruth and Mary Baker, minors, commanding him to appear before that court at the following February term and show cause why he should not be removed as curator of that estate, "by reason of your mismanagement of same and your failure to account in your annual settlements, as such curator, for the interest due said estate for money in your hands as such curator." This was personally served on the cura-

tor in due time. At the return term of the probate court the curator appeared and filed his return to the citation, the return being in the nature of a demurrer and answer, the demurrer alleging lack of jurisdiction over the case, the answer denying the charges set out in the citation. The probate court on hearing before it, removed the curator, whereupon he appealed to the circuit court. In that court the curator filed a demurrer assigning four grounds: First, that there was no complaint verified by affidavit filed in the probate court; second, the action of the probate court in removing the curator was had without any complaint verified by affidavit having been filed against him; third, because the curator was not and is not notified on what charge or for what cause he is or was removed as such curator; fourth, because no specific charges or cause of removal have been preferred against him and he is not notified specifically of any charge or cause for removal filed against him.

This appears to have been overruled and the cause proceeded to trial before the circuit court.

The only record of the proceedings in the circuit court which we have before us is contained in appellant's abstract, and that abstract does not set out any of the evidence. It is clearly set out in the record entries that the curator appeared by attorney and in his own proper person and the estate was represented by the probate judge of the county and it is recited in the judgment that the circuit court having heard all the evidence in the case and argument of counsel, and being fully advised ordered and adjudged that the judgment of the probate court be in all things sustained and confirmed, and "that the appointment of said Leonard Ford as curator of the estate of Ruth and Mary Baker, minors, be revoked and such appointment is hereby revoked accordingly and said Leonard Ford removed from his trust as such curator."

157 App—10

A motion for new trial was filed in due time, alleging among other grounds the admission by the court of any testimony by the adversary of the curator; the admission of illegal, improper and incompetent evidence offered by the adversary; the exclusion of legal proper and competent testimony offered by the curator; the admission and rejection of testimony against the objection of the curator made at the time; because the verdict, findings and judgment are against the law and the evidence and against the law under the evidence; because the verdict, judgment and findings should have been for the curator herein instead of against him; and because the court erred in overruling the demurrer to the record and citation and proceedings therein before the trial of the cause. A motion in arrest was also filed, attacking the jurisdiction of the court over the subject-matter of the action, alleging that there is no complaint, verified by affidavit, charging the curator with any reason or thing for his removal; no complaint verified by affidavit filed by any person in interest; that the curator is not specifically charged with anything or conduct amounting to cause for removal in a complaint duly verified by affidavit filed by a party in interest; that the citation issued by the probate court does not state facts sufficient to constitute a cause of removal or cause of action against the curator and does not sufficiently and specifically inform him with what he is charged or what charges for removal are made, and that upon the record there is manifest error in the judgment.

These motions were overruled, exception saved and appeal duly perfected by the curator to this court.

The assignments of error here are to the action of the circuit court in overruling the demurrer; that no affidavit, bill or complaint was filed in the cause; that the court was without jurisdiction to hear and determine any charge or complaint until the curator was notified of what charges were made against him; that no complaint verified by affidavit has been filed and no specific charge

or cause for removal has been preferred against the curator.

The sole question therefore presented for our determination is one of power in the probate court, on this citation, to remove this curator. If it had that power, all inquiries by us into the question of the correctness of its action, and of the action of the circuit court confirmatory thereof, is precluded by the finding and judgment of that court, by reason of the absence from the abstract of the evidence. We are bound to assume that the circuit court had before it evidence warranting its finding and judgment. We are advised by the record before us of the issue of and recitals in the citation; of the fact that the curator was duly served with the citation; that he appeared in obedience to the citation, both in the probate court and afterwards on appeal in the circuit court; that he pleaded to it; that he went to trial upon the allegations contained in the citation; that witnesses were produced by both parties and were heard in behalf of appellant; that at the conclusion of the hearing the trial court found that the charges made in the citation were sustained; that the circuit court thereupon entered up a judgment sustaining and confirming the finding of the probate court and revoked the appointment of the curator. As the circuit court is a court of general jurisdiction, all presumptions are to be indulged in to sustain its judgment, arrived at in a cause within its jurisdiction. When this cause came to it on appeal from the probate court, it proceeded thereon with all the powers of a circuit court in a case before it. In a sense the circuit court is not an appellate court in these cases of appeals from the probate court. While the case goes to the circuit court from the probate court on appeal, and while the circuit court in such appeal has no jurisdiction over the subject-matter of the cause appealed save that which the probate court itself had, when the case reaches the circuit court, it proceeds in it *de novo,* as a cause within its own jurisdiction; and its proceedings and its judg-

ments are as conclusive as if the cause had originated in its own forum. If the judge of the probate court had no jurisdiction to issue a citation except on affidavit or complaint of some interested party, it would follow that all proceedings and orders of that court in that matter were *coram non judice,* no such affidavit having been filed. If it was without jurisdiction over the subject-matter, the appearance of a party before it in that cause could not confer jurisdiction. If, however, it had jurisdiction over the subject-matter, then the appearance of the party, however irregularly summoned or without any summons, confers on that court full authority to hear and determine the cause. While the probate court is of limited jurisdiction, its acts and judgments within the scope of its jurisdiction are as conclusive as are those of all other courts of record having general jurisdiction. They acquire jurisdiction over the person just as any other court.

That the probate courts of our state have sole original jurisdiction over the appointment and removal of guardians and curators is beyond question. They are courts created by the Constitution itself. [See section 34, article 6, Constitution, Missouri.] The Constitution, in express terms, provides that they shall be courts of record, shall have jurisdiction, among other subjects, over all matters pertaining to the appointment of guardians and curators and minors and settling the accounts of curators and guardians. Our statute, section 3845, Revised Statutes 1909, repeats the constitutional provision that they are courts of record, and section 4056 is but a reiteration by the legislative branch of the government of that which the people had said in and by the Constitution, namely, that the probate courts should have jurisdiction over all matters pertaining to probate business, the appointment of guardians and curators of minors and settling their accounts. Article 17, chap. 2, of our statutes of 1909, chap. 34, of the revision of 1899, relates to guardians and curators of minors and gives jurisdic-

tion to the probate judge or probate court to appoint curators of minors in given cases. Section 424, one of the sections in this chapter, provides that all guardians and curators before entering on the duties of their office, shall give bond conditioned for the faithful discharge of their duties according to law and the court or judge in vacation shall have power to order them to give supplemental security or a new bond "upon like notice, for the same causes, in the same manner and with like effect as is authorized by law in the case of administrators, and in default thereof *or for other good cause to remove them,* and appoint or admit the choice of others in their stead." Section 428 provides that upon complaint made on oath to any court having jurisdiction by any guardian, curator or ward, or by any creditor or other person interested in expectancy, reversion or otherwise against any person within the county suspected of having concealed or embezzled any of the moneys, etc., of the ward, the court may examine such suspected person and proceed as to such charge in the same manner as is provided by law respecting persons suspected of concealing or embezzling the effects of a testator or intestate. Section 429 provides that if any person file a like complaint against any guardian or curator the probate court shall have the same power to cite and compel his appearance and shall proceed upon such complaint in the same manner as is provided by law against executors and administrators in such cases. Section 462 provides that "any guardian or curator may resign his trust or be removed from office for like causes, in like manner and with like effect as in the case of an executor or administrator."

Turning to the chapter concerning administrators, we find various causes for the removal of the administrator. Thus, section 18, formerly section 10, of the revision of 1899, provides for revocation of the letters of administration when the executor or administrator shall become a non-resident, and it provides that when

that shall occur the probate court "shall, upon proof thereof, after due notice to such executor or administrator, revoke his letters."

In section 29, Revised Statutes, 1909, section 21, Revised Statutes 1899, it is provided that the probate court or the judge, or even the clerk, in vacation, shall take special care to take as surety on the bonds of executors or administrators men who are solvent and sufficient, and it is made the duty of the judge, annually, to examine the bonds of executors and administrators, guardians and curators on file in his office, "and if, upon examination thereof, he shall have good reason to believe that any security has become a non-resident of the state or county, or has died or become insolvent, the judge thereupon shall make an order that said executor or administrator give another bond to the satisfaction of said judge or court, five days' previous notice of such intended order first having been given to said executor or administrator; and upon failure to give such bond within ten days after such order shall be made, the judge may make an order revoking his or her letters, and their authority from that time shall cease."

Section 50, of the Revised Statutes of 1909, which is section 42 of the Revised Statutes of 1899, as amended in 1909 (Acts 1909, p. 92), provides that if any executor or administrator becomes of unsound mind, etc., or in anywise incapable or unsuitable to execute the trust reposed in him, or fail to discharge his official duties, or waste or mismanage the estate, or act so as to endanger any co-executor or co-administrator, or fail to answer any citation and attachment to make settlement, "the court, upon complaint in writing made by any person interested, supported by affidavit and 10 days' notice given to such executor or administrator, as prescribed in section 280 of this chapter, shall hear the complaint, and, if it finds it just, shall revoke the letters

granted." There are other grounds of revocation, possibly, but it is sufficient to notice these for the purposes of this case. Section 280 referred to, which was section 269 of the revision of 1899, provides that the notice referred to shall set forth the substance of the charge and shall be served by the sheriff or constable or any competent witness. In the case at bar there is no question over the fact of due service of this citation.

It has been held by this court in Meriwether v. Block, 31 Mo. App. 170, that speaking generally, proceedings under what is now section 50 of our statutes, that "judgments and decrees of probate courts having exclusive jurisdiction of any particular question touching the administration of estates of decedents are mostly in the nature of proceedings *in rem*, and as such conclusive against all the world. Where the matter is exclusively a private litigation the judgment or decree may have the force only of a judgment at common law *in personam*, but where it affects the control or management of the entire estate the rule is necessarily otherwise (citing cases). In the case at bar the question was one which affected the care and custody of the entire estate, and, therefore, necessarily in the nature of a proceeding *in rem*," and that if the executor is removed on complaint of any party interested, such removal, in the absence of fraud, is binding on all the world as a final adjudication of the fact that there was good ground for his removal. This is in effect saying that it is immaterial on whose complaint the removal is made; the fact of removal is the important and conclusive fact. It is further held in Stevens v. Larwill, 110 Mo. App. 140, l. c. 149, 84 S. W. 113, that the proceeding under this section is equitable in its nature and that the whole matter of removal rests primarily in the discretion of the probate court. Many authorities are cited by the Kansas City Court of Appeals in that case in support of these propositions, among others Whaley v. Whaley, 50 Mo. 577. In that case Judge WAGNER, delivering the

opinion of our Supreme Court, held that even the matter of the allowance to the widow to supply deficiency of provisions, was a matter resting in the discretion of the probate court; that it was not a matter for a jury.

It is broadly, even somewhat loosely said in some of the cases, that the probate courts are not courts of equitable jurisdiction. That is only true as to their original jurisdiction. In their procedure in and concerning the management of estates by guardians, curators, administrators and executors, and in the exercise of control over these agencies, they act as do courts of chancery. In a very extensive examination of the authorities on this matter, our court has said, in an opinion by Judge Biggs, concurred in by Judge Rombauer and, so far as this point is concerned, by Judge Thompson, In re Estate of Meeker, 45 Mo. App. 186, l. c. 195, that the mode of procedure in matters connected with the management of the estates in the charge of the probate court, "in all of its aspects, is essentially equitable," and that the questions presented are to be reviewed by us as chancellors.

We are referred to no case and have found none, in which it has been distinctly held that a proceeding for removal of an administrator or curator can be inaugurated, or the removal made, only on complaint of some one interested in the estate.

In the case of King v. King, 73 Mo. App. 78, the Kansas City Court of Appeals, considering the power of the probate courts to remove a guardian, citing what is now section 424, quotes their power of removal as extending outside of the enumerated causes, "or for other good cause," italicizing those quoted words, and holding that under them the probate courts may summarily remove guardians of their own appointment for "any good cause," likening the power of the probate courts to that of chancery courts in this respect. It is there said that among causes which have been deemed sufficient for the removal of a guardian are gross and confirmed habits

of intoxication, any breach of official duty amounting to misconduct, failure to file inventories, abandonment of the trust, etc. Judge SMITH, who delivered the opinion for the court, says (l. c. 82) : "It would seem that a probate court has power to remove a guardian, not only for any statutory cause, but for any such abuse of the trust as would justify the interference of a chancery court." It is true that in the King case it appeared that information had been lodged against the guardian, by affidavit, but that affidavit was attacked, among other reasons, because one of the parties signing it was under 14 years of age. Referring to this Judge SMITH says (l. c. 83) : "If the notice was defective in any material respect, any objection that the appellant might have urged thereto was waived by his voluntary appearance to the proceeding. The court was invested by the statute with jurisdiction of the subject-matter and the voluntary and unlimited appearance of the appellant to the proceeding gave the jurisdiction of his person, so that the jurisdiction rightfully extended to both subject-matter and the person of the appellant. [Schouler, Dom. Rel., sec. 317 ; Carter v. Wamack, 64 Mo. App. 338.] The rule is well settled that the probate courts are allowed a liberal discretion over removals, and their decisions will not be reversed on appeal unless palpable injustice has been done. [Schouler, Dom. Rel., sec. 317, supra, and cases cited in note 2.]"

In re Padgett's Estate, 114 Mo. App. 307, 89 S. W. 886, Judge NORTONI, speaking for this court, calls attention to the broad scope of power to be found in the words "or for other good cause," in what is now section 424, and holds that by these words the power of removal is not confined to the failure to supply a good and sufficient bond but extends to and is for other causes. After examining the provisions of the administration law relating to removal of guardians and curators, and meeting the contention that the grandfather was not a party interested within the purview of the statute who could institute the proceeding, Judge NORTONI, speaking for this

court, said that it was not necessary to pass on the question as to who a party in interest is, within the statute, saying (l. c. 316): "Inasmuch as the curator appeared in the probate court and, upon a decision against him, appealed therefrom to the circuit court and contested the merits of the complaint, whereupon the facts apparing as disclosed by the record, it was the duty of the court to remove him from his trust on its own motion whether the grandfather was an interested party or not."

It may be argued that if the probate courts have plenary power over administrators and curators, under which those courts can remove them of their own motion, that there was no necessity for expressing that power by this specific statute. The answer seems to us evident and conclusive. Granting that the probate court has the power without this section, there might arise a case in which the probate court did not see cause to put its power into exercise by the isuue of citation, or even to hear the complaint. In such case the statute is or can be invoked. It gives "any person interested" in the estate, the right to make complaint in writing, verified by affidavit, and when that is done the statute commands, proper notice having been given to the administrator or curator, that the probate court *"shall* hear the complaint, and if it finds it just, *shall* revoke the letters granted." This is as emphatically mandatory as language can be made. The court *must* proceed. So that the command of the statute to proceed in a certain contingency is no limitation upon the inherent power of the court to proceed in all proper cases and of its own motion. Great wrong and injustice would almost of necessity result if it were otherwise, and if the court could proceed only on the initiative of some "person interested." The only person interested in the estate might be insane, might be an infant in the literal sense of the word, a year, two or three years old. Persons of this class are possessed of an estate which is in the custody of

an executor, administrator or curator, administering it under the orders of the probate court. These persons are the wards of the court; they and the estate are in the hands of the court through its appointed officers. They may be the only "persons interested." Can it be supposed that our law is such as to require the judge of the probate court to stand idly by and see the estate wasted, even utterly lost, by reason of the administrator or curator having become a drunkard, an embezzler, an unfaithful, incompetent and worthless character, and that court be powerless to make removal because the sole "person interested" is incapable of making complaint? The proposition answers itself.

The argument for appellant in this case must rest on the contention that it was essential to the jurisdiction of the probate court over the subject-matter that the minors or some one in interest in the estate of the minors must have lodged complaint with the probate judge of the conduct of the curator; in other words, their argument goes to the point that jurisdiction over the subject-matter depends upon who makes the complaint or who raises the question. That seems to us radically unsound. It can make no possible difference on the question of jurisdiction over the subject-matter as to who brings it before the court, if it is a matter of which the court itself has jurisdiction by virtue of the constitution and laws of this state committing to it the charge and control and management and safeguarding of the estate of minors as well as of deceased persons and persons of unsound mind. That is the subject-matter of their jurisdiction. It is not dependent upon who raises the question. The plain conclusion to be drawn from the Constitution, the statute and the decisions, is, that jurisdiction over the subject-matter of removal of a curator is in the probate court. That is the subject-matter. When it is to be exercised, is discretionary, unless invoked by the sworn complaint of a person interested in the estate. The subject-matter, removal, is always there. It can only be

exercised, however, as against the curator in office, in any case, by bringing him before the court on proper notice—by citation duly served. It is the service of the citation and the appearance of the one cited and served, or his appearance without service that bring that curator into court. The citation is more than a mere summons (see R. S. 1909, sec. 280) ; it must, as here we hold it did, sufficiently advise the one proceeded against of the charge against him to enable him to make his defense. Suppose that cause is defectively stated. That does not oust jurisdiction. The fact that there is no sufficient statement of a cause of action in a petition in a cause within the jurisdiction of the court, does not oust the court of jurisdiction over that class of cases. However defective the statement, the court has jurisdiction to judge and determine. If the one cited and served appears, he submits himself to the court and has the right to make his defense and to appeal. As he cannot confer jurisdiction over the subject-matter where there is none, so if there is jurisdiction over the subject-matter, having appeared, he cannot oust that jurisdiction for lack of proper service.

We hold that it is so much within the duty of the judges of the probate courts of this state to control and safeguard the estates of minors under their charge, that without complaint of anyone at all, it is within their power to exercise all those powers vested in them by the Constitution as well as by the statute, for the preservation and safeguarding of that estate. How the attention of the judge is or was called to the matter of dereliction of duty is entirely immaterial. This curator has been summoned into court by a regular citation, advising him of what he was accused. In answer to that citation he appeared, submitted himself to the judgment and determination of the probate court first, then on his own appeal to the circuit court. He has had his day in court; an opportunity to defend himself. He heard the evidence introduced against him; put in his own. With

that evidence before the two courts, the question of his removal became one within the determination and decision and judgment of those courts, subject to review by us as an appellate court. If the evidence had been preserved and was before us, we would be, indeed, bound to review it. Appellant has not seen fit to bring any of the evidence here. Hence we do and must accept the conclusion arrived at on the evidence which was before them by both of the lower courts.

The judgment of the circuit court is affirmed. *Nortoni, J.,* concurs; *Caulfield, J.,* dissents.

## DISSENTING OPINION.

CAULFIELD, J.—I respectfully dissent from the majority opinion. The question involved is whether the probate court has power upon mere citation to remove the guardian or curator of a minor for alleged mismanagement of the estate and failure to account in annual settlement for interest due, without any complaint in writing having been made by any person interested. It seems plain to me that the question must be answered in the negative. There are statutory provisions governing the manner of removal for such causes. [Sections 462 and 50, Revised Statutes 1909.] Section 462 provides that such removal may be "in like manner . . . as in the case of an executor or administrator," which, section 50 provides, is "upon complaint in writing made by any person interested, supported by affidavit and ten days' notice," etc. According to a recognized rule of statutory construction, this express provision as to the manner of such removal includes a negative that it shall be in any other manner. [Ex Parte Joffee, 46 Mo. App. 360.] At least this should be so in the case of a probate court, which is of limited jurisdiction, has only such power as is conferred upon it by statute and is bound to exercise its jurisdiction only in the manner prescribed by statute. [St. Louis v. Hollrah, 175 Mo. 79, 74 S. W. 99;

Powers v. Blakey's Admrs., 16 Mo. 437; Jenkins v. Morrow, 131 Mo. App. 288, 109 S. W. 1051; Elliott v. Wilson, 27 Mo. App. 218.] Here the statute prescribes, not the mere manner of exercising a jurisdiction already acquired, but the manner of *acquiring* jurisdiction over the subject-matter of a concrete proceeding. While the probate court had jurisdiction of the subject-matter in the general and abstract sense that by law it had jurisdiction of this *class* of proceedings, it could not acquire jurisdiction of the subject-matter of this particular proceeding without a complaint filed, a complaint being provided for by law. Even in courts of general law and equity jurisdiction, where, as here, the written law contemplates the filing of a petition or other form of complaint, the jurisdiction of the subject-matter of a concrete case is only acquired through the filing of such petition or complaint. "Courts cannot, *ex mero motu*, set themselves in motion." [State ex rel. v. Muench, 217 Mo. 124, 137, 117 S. W. 25.] As bearing on the question before us I consider it significant that during the seventy-two years our law has been substantially the same as it is now (Laws 1838-39, p. 58, sec. 14, R. S. 1835, article 1, sec. 25), no probate court of this state, so far as the printed reports disclose, has ever before attempted to remove a guardian or curator for the causes here involved, without any complaint having been filed. It has been held that when a guardian or curator removes from the state, his appointment may be revoked without a *citation* (State to use v. Engelke, 6 Mo. App. 356, 360), but that holding was expressly laid on the ground that the section of the statute applicable to cases where the guardian becomes a non-resident is special to such cases, and that such cases are not governed by section 462, which is general. In the published reports of other states, where provisions like those we are considering exist, the same dearth of instances where probate courts have attempted to remove guardians of their own motion

exists. The only question which seems to have arisen is whether the person who made the complaint was a "person interested" and therefore qualified to make the complaint under the statute. In Mississippi the action of a probate court in removing a curator on the complaint of a mere stranger was reversed on the ground that the application should have been made by a person interested in the ward, her property, or in the acts of her guardian. [Cotton v. Goodson, 1 Howard, 295.] As the jurisdiction lacking here was of the subject-matter of the particular case and not merely of the person, the defect was not waived by appearance and going to trial on the merits, either in the probate or circuit court. [Grant v. Stubblefield, 138 Mo. App. 555, 556, 120 S. W. 647; Sidwell v. Jett, 213 Mo. 601, 610, 112 S. W. 56.] The probate court having failed to acquire such jurisdiction, the appeal gave none to the circuit court. Nor can the defect of want of jurisdiction be cured here by invoking the doctrine that the same liberal presumptions and intendments are indulged to sustain the proceedings and jurisdiction of probate courts (attacked *collaterally*) as are indulged in behalf of other courts. The attack made on the judgment before us is by appeal, according to the statutory method, and the attack is therefore a direct attack, made in the proceeding itself. [Vanfleet's Collateral Attack, sec. 2; Johnson v. Detrick, 152 Mo. 243, 254, 53 S. W. 891; Deslodge v. Tucker, 196 Mo. 587, 601, 94 S. W. 283.] And the presumptions and intendments accorded to judgments collaterally attacked avail nothing.