**In re the ESTATE OF Eveland PHILLIPS.**

**Sarah COFFELT, Respondent,**

v.

**Patricia HUNT, Guardian and Conservator, Appellant.**

No. 19629.

Missouri Court of Appeals, Southern District, Division One.

June 20, 1995.

305

James B. Fleischaker, Roberts, Fleischaker, Williams & Powell, Joplin, for appellant.

John R. LePage, Evenson, Carlin & LePage, Pineville, for respondent.

MONTGOMERY, Judge.

This is an appeal from an order removing Appellant as guardian and conservator of the estate of Eveland Phillips.

On October 25, 1993, Appellant was appointed guardian of the person and conservator of the estate of Mrs. Phillips, who was then 85 years old. At that time Mrs. Phillips lived near Noel, Missouri, in McDonald County, and Appellant lived near Cameron, Missouri. Appellant is a daughter of Mrs. Phillips' sister.

Mrs. Phillips' only child, a son, died in 1977. His survivors included Sarah Coffelt (Respondent), who is his widow, and their five daughters. None of these family members lived in Missouri.

Respondent filed a "Motion for Removal of Guardian and Conservator" on January 18, 1994. She filed an amended motion on February 23, 1994. The latter motion generally alleged that (1) after October 20, 1993, Appellant took Mrs. Phillips to Cameron, Missouri, without notifying any other family members, (2) Mrs. Phillips was hospitalized in the Cameron area, and Appellant ordered the medical staff not to release information to family members concerning Mrs. Phillips'

condition, (3) Appellant advised Respondent that she would be arrested if she attempted to visit Mrs. Phillips, (4) Respondent is entitled to information concerning Mrs. Phillips' whereabouts and her physical condition, (5) the inventory filed by Appellant is inaccurate, and (6) "because of her repeated refusals to comply with family requests and her obligation as Guardian and Conservator," Appellant should be removed from her position.

Appellant's answer denied most of the allegations and further alleged that (1) Respondent is not a "interested person" within the meaning of § 472.010(15) [1] and has no standing to maintain this action, and (2) Respondent has failed to state any grounds for Appellant's removal as guardian and conservator.

After a hearing, the trial court sustained the amended motion and replaced Appellant with the public administrator of McDonald County. The court also made and entered extensive findings of fact and conclusions of law.

Here, Appellant asserts the same two grounds on appeal as raised in her answer. She also complains that there was insufficient evidence to support her removal as guardian and conservator and finally that the appointment of the public administrator was contrary to Mrs. Phillips' wishes and her best interests.

■ This court's review is governed by Rule 73.01(c). The trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Matter of K.A.P.,* 760 S.W.2d 553, 554 (Mo.App.1988).

■ We give due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). In a court-tried case, the judge is free to believe or disbelieve all, part, or none of the testimony of any witness. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989).

■ As we understand Appellant's first point, she argues that Respondent had no standing to pursue this action because Respondent is not an "interested person" under the definition of that term in § 472.010(15).

The removal of a guardian or conservator is governed by § 475.110. The pertinent provisions of that statute provide that "[a] guardian or conservator may also be removed on the same grounds as is provided in section 473.140, RSMo, for the removal of personal representatives."

Under § 473.140, if a personal representative "becomes mentally incapacitated or is convicted of a felony or other infamous crime, or becomes an habitual drunkard, or in any manner incapable or unsuitable to execute the trust reposed in him, or fails to discharge his official duties, or wastes or mismanages the estate, or acts so as to endanger any corepresentative, or fails to answer any citation and attachment to make settlement, the court, upon its own motion, or upon complaint in writing made by any person interested ... shall hear the matter and may revoke the letters granted."

Section 472.010 is the "definitions" statute which applies to the entire Probate Code. Paragraph 15 provides:

> **"Interested Persons"** mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. *This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.* (Emphasis added.)

This Court has held that the italicized words of this section were intended by the legislature to "mean something" and, regarding the right to appeal (§ 472.160), a liberal construction of § 472.010(15) must be adopted. *In re Estate of Dugan,* 309 S.W.2d 137, 144 (Mo.App.1957).

Here, Respondent became the successor trustee under the terms of Mrs. Phillips' living trust no later than the date Mrs. Phillips was adjudicated incapacitated and dis-

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

abled. The trust terms required Respondent to use the income and principal of the trust estate "in such manner as [successor trustee] deem[s] best for the care, support, and comfort of the Settlor. . . ." The trust estate on October 25, 1993, consisted of Mrs. Phillips' home and two bank accounts.

Appellant determined to move Mrs. Phillips to the Cameron area in January 1994. For several days, neither Respondent nor her daughters were told the whereabouts of Mrs. Phillips. Shortly after the move, Mrs. Phillips was hospitalized in a serious condition. Appellant told the medical staff of the hospital not to release information on Mrs. Phillips' condition. Appellant also sent word to Respondent that (1) "if she appears beside [Mrs. Phillips'] bed, she will be arrested," and (2) "I'm in charge."

If a liberal construction is given to the last sentence of § 470.010(15), surely an interested person would include a trustee charged with the duty of using trust assets for the care and comfort of a settlor. When Respondent did not know the whereabouts of Mrs. Phillips and was later denied medical information about her, Respondent could not properly discharge her duty to provide care, support, and comfort to Mrs. Phillips. Neither could she effectively discharge her duties if Appellant failed to accurately inventory and manage Mrs. Phillips' assets outside the trust.

However, we can decide this point in the same way as the identical issue was decided in *In re Padgett's Estate*, 114 Mo.App. 307, 89 S.W. 886 (1905). There, the ward's grandfather instituted an action to remove the curator. The probate court ordered his removal as did the circuit court upon appeal. In the appellate court the curator contended the grandfather could not maintain the action because he was not a "party interested" within the purview of section 42, Rev.St.1899.[2] The appellate court said:

> It is not necessary to pass upon the question as to who is a party interested within the purview of that statute ... whereupon the facts appearing as disclosed by the record, it was the duty of the court to

remove him from his trust on its own motion whether the grandfather was an interested party or not.

*Id.* at 889. *Also see In re Ford,* 157 Mo.App. 141, 137 S.W. 32, 35–36 (1911).

Here, the record discloses facts which required the court to remove Appellant as guardian and conservator. The statute specifically allows the court on its own motion to do so. Therefore, based on *Padgett,* we need not decide if Respondent was an interested party with standing to institute the action. Point I is denied.

■ Appellant's next point alleges that Respondent's amended motion failed to state grounds for which a guardian and conservator may be removed. As noted, § 473.140 enumerates the grounds for the removal of a guardian or a conservator. Appellant claims none of the grounds for removal were mentioned in the amended motion. We disagree.

■ One statutory ground for removal is the failure of a guardian or conservator "to discharge his official duties." The amended motion alleged, *inter alia,* that Appellant filed an inaccurate inventory. Section 475.145 requires a conservator to make an inventory under the same requirements as a personal representative faces in §§ 473.233 to 473.243. Section 473.237 requires that a conservator annex to the inventory an affidavit "stating that it is a full inventory and description of all the property" of the protectee. Thus, Appellant was required to file an accurate inventory as part of her official duties. Respondent's amended motion alleged Appellant failed to do so.

■ When reviewing whether a petition fails to state a claim, we are required to construe the petition favorably and give the pleader the benefit of every reasonable and fair intendment in view of the facts stated, and if the allegations invoke principles of substantive law entitling relief, the petition is not to be dismissed. *Watson v. Franklin Finance,* 540 S.W.2d 186, 188 (Mo.App.1976). That Appellant failed to discharge one of her official duties by filing an inaccurate inventory is a fair and reasonable inference from Respondent's pleading.

---

2. The current version of this statute is § 473.140. The current statute is substantially similar to the earlier version in *Padgett,* except the legislature

subsequently added the provision that the court may remove a personal representative "upon its own motion."

Therefore, Appellant's claim that none of the statutory grounds for removal were alleged must fail. Our discussion on this point should be viewed with the understanding that appellate review is limited to the issue presented in an appellant's point relied on. *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405 (Mo.1964); *Don L. Tullis & Assoc. v. Gover*, 577 S.W.2d 891, 893 (Mo.App.1979).

■ We next address Appellant's fourth point which claims that her removal and the public administrator's appointment was contrary to Mrs. Phillips' wishes and best interests. This assertion is not supported by the record. There is no evidence that Mrs. Phillips opposed Appellant's removal or her replacement by the public administrator. Mrs. Phillips did not appear or testify at the removal hearing.

■ We agree with Appellant that § 475.050.1 requires the court, before appointing any other person as guardian or conservator, to first consider appointing a person nominated by the incapacitated or disabled person. *See In re Estate of Potashnick*, 841 S.W.2d 714, 718 (Mo.App.1992). The trial court followed that statutory mandate after Mrs. Phillips testified on October 20, 1993 (the hearing date on the petition for the appointment of a guardian and conservator), that she preferred the appointment of Appellant rather than the appointment of the public administrator.

The removal hearing took place on March 11, 1994, and Mrs. Phillips was unable to attend. Therefore, the trial court heard no evidence that Mrs. Phillips opposed the removal of Appellant and the appointment of the public administrator. Appellant has the burden of establishing prejudicial error on appeal. *McMullin v. Borgers*, 806 S.W.2d 724, 731 (Mo.App.1991). Appellant fails to carry her burden on this issue.

■ Appellant's remaining point urges that the evidence was insufficient to support the order entered. The trial court found Appellant should be removed as guardian and conservator based upon numerous findings.

Significant among the trial court findings are the following: (a) Appellant's health is such that she is not properly able to care for the ward; (b) Appellant expended funds without prior court approval to improve the ward's home, which is a trust asset, not a conservatorship asset; (c) Appellant cost the ward's estate $1869 in unnecessary expense by failing to timely purchase a burial plan; (d) Appellant wasted estate funds by failing to discontinue telephone service to the ward's home when no one resided there; (e) Appellant acted imprudently by transporting the ward 250 miles in a private vehicle (rather than an ambulance) from Pineville, Missouri, to Cameron, Missouri, at a time when the ward suffered from a broken hip.

We have determined that the removal order is supported by substantial evidence and is not against the weight of the evidence. No error of law appears, and setting forth the evidence in detail would have no precedential value. Accordingly, the order entered by the trial court is affirmed in compliance with Rule 84.16(b)(1) and (5).

SHRUM, C.J., and FLANIGAN, J., concur.