YOUNG *v.* YOUNG.

On an application for the removal of a guardian for an alleged breach of duties prescribed by statute, a large discretion is necessarily left to the Courts having original jurisdiction, and their decision will be sustained unless such discretion has been grossly abused.

APPEAL from the *Decatur* Court of Common Pleas.

HOVEY, J.—*Isabel Young* filed a petition in the Court of Common Pleas of *Decatur* county, to remove *Robert F. Young* from the guardianship of *John Young*, her husband, who had been adjudged insane.

*Friday, December 8.*

The petition charges that the guardian had failed to file inventories, and provide for *John Young's* family; that he was wasting the estate, and was unsuited to the trust.

At the *January* term, 1853, the defendant answered, denying the allegations in the petition. The Court, upon the hearing, revoked the letters of guardianship, and the defendant appealed to this Court.

The evidence shows a failure to file proper inventories. Wheat, to the amount of 50 dollars, although sold, was not reported in the inventory or sale bill. In cases like this, a large discretion must necessarily be left to the Courts having original jurisdiction, and we will not disturb their action unless that discretion is grossly abused.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey*, for the appellant.

*B. W. Wilson*, for the appellee.