Johnson *v.* Metzger, Guardian.

No. 10,645.

## JOHNSON *v.* METZGER, GUARDIAN.

GUARDIAN AND WARD.—*Failure to File Inventory.—Removal.*—The removal of a guardian for failure to file an inventory within three months from his appointment, as required by section 2521, R. S. 1881, is much in the discretion of the court, and its action in refusing to remove will not be reversed if an excuse be shown for the guardian's failure, which is not clearly insufficient.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellant.

*J. Harrison,* for appellee.

ELLIOTT, J.—The appellant petitioned the court to remove· her guardian, and assigned cause in the following language: " That her guardian did not file within three months after his appointment a full inventory, verified by oath, of the real and personal estate of his ward, with the value of the same, and the value of the yearly rent of the real estate, although there then was such estate."

Appellee's answer to the petition is, in substance, as follows: That at the time of his appointment, and from thence continuously until April, 1881, no personal estate of any· kind had come to his hands or knowledge; that the real estate belonging to his ward descended to her from her deceased father, and was at the time, and thence continuously until April, 1881, by order of the court, leased to William A. Reese, the administrator of the decedent's estate, for the purpose of realizing a sum sufficient to supply a deficiency in the intestate's personal estate; that no rents of the real estate of the ward were, or could have been, collected by the guardian until the property was released from the operation of the order of the court; that, at the April term, 1881, the appellee filed a proper inventory, reciting the foregoing facts, the value of his ward's estate, and its annual rental value; that at the March term, 1881, upon·final settlement of the estate of his ward's father, and the receipt of the first sum of money re-

ceived by the appellee, he made out and filed a full report, exhibiting the condition of his trust as guardian, and that the report was duly examined and approved, and that the petition for his removal was not filed until the report had been approved.

We can not say that the court abused its discretion in holding the answer sufficient and refusing to remove the guardian. The matter of removing or refusing to remove guardians or administrators is one so much within the discretion of the lower court that the appellate court is very slow to interfere. It will not interfere at all unless it appears that there has been an abuse of the discretion with which the circuit courts are invested. The rule is correctly stated in *Young* v. *Young*, 5 Ind. 513, where it was said: " In cases like this, a large discretion must necessarily be left to the courts having original jurisdiction, and we will not disturb their action unless that discretion is grossly abused." *Barnes* v. *Powers*, 12 Ind. 341; *Nettleton* v. *State*, 13 Ind. 160; *McFadden* v. *Ross*, 93 Ind. 134.

The case of *Wood* v. *Black*, 84 Ind. 279, differs from the present, in this, that there no excuse was shown for a failure to file an inventory, while in the present there is an excuse pleaded which we think justified an exercise of discretion in favor of the guardian. In that case, we may add, it was not averred that the guardian had ever filed an inventory, or taken any steps toward exhibiting to the court the condition of his ward's estate. It may well be that where there is no excuse at all shown, the failure to remove the guardian would be an abuse of discretion, but where some excuse is shown, we think it is our duty to uphold the action of the court of original jurisdiction, except in cases where the excuse offered is clearly unreasonable and insufficient. Judgment affirmed.

Filed May 8, 1884.