HARRY P. KING *et al.*, Respondents, v. WILL R. KING, Appellant.

**Kansas City Court of Appeals, January 10, 1898.**

1. **Guardians and Curators:** PROBATE COURT: JURISDICTION TO REMOVE. Probate courts have power to remove guardians not only for a statutory cause but for any such abuse of their trust as will justify the interference of a chancery court. A guardian may be removed when he is becoming insolvent and wasting the estate of his ward or not faithfully discharging his duties according to law. And in this case the evidence supports such charges against the defendant and judgment for his removal is approved.

2. ———: NOTICE OF REMOVAL: APPEARANCE. If a notice of an action to remove a guardian is defective in any material respect, an objection that might be urged thereto is waived by his voluntary appearance.

3. ———: REMOVAL: PROBATE COURTS. Probate courts are allowed liberal discretion over the removal of guardians and their decisions will not be reversed on appeal unless palpable injustice has been done.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Leslie Orear* for appellant.

(1) The probate court had no jurisdiction of the proceedings begun therein by Nettie King as the next friend of the minors named. The provisions of the Practice Act, article 2, chapter 33, Revised Statutes 1889, do not apply to the procedure in the probate courts. R. S. 1889, secs. 5299-5324. (2) There was no evidence whatever at the trial of this cause to support the finding and judgment of the trial court. There being no evidence tending to support the finding, this court will reverse the judgment and enter judgment here dismissing the proceedings. *Carroll v. Trans. Co.,* 107 Mo. 653; *Berning v. Medart,* 56 Mo. App. 443.

*A. J. Haynes* for respondent.

(1) The probate court has jurisdiction over guardians and can remove them for good cause. R. S. 1889, secs. 5299, 5318; *Pearce v. Calhoun,* 59 Mo. 271. Waste or conversion of ward's estate is a good cause. R. S. 1889, secs. 26, 30; *State to use v. Collin,* 50 Mo. App. 353; *Johnson v. Bank,* 56 Mo. App. 257; *Rottman v. Schnurcker,* 94 Mo. 139. (2) Every presumption is in favor of the regularity and validity of judgment. *Bearden v. Miller,* 54 Mo. App. 199; *Camden v. Plain,* 91 Mo. 117; *Springfield v. Association,* 101 Mo. 107; *Murphy v. De France,* 105 Mo. 53. (3) This cause was heard by the court, and when there is any evidence to support the judgment, the judgment should be affirmed. *Helm v. Helm,* 52 Mo. App. 615; *Martin v. Nichols,* 54 Mo. App. 594; *Pitkin v. Mott,* 56 Mo. App. 401; *Bray v. Adams,* 114 Mo. 486.

Smith, P. J.—This is a proceeding which originated in the probate court of Saline county, having for

its object the removal of the defendant from the office of guardian of the respondents, who were minors. The appellant appeared to the proceedings both in the probate and circuit courts, in the latter of which courts there was a judgment for the respondents removing the appellant, from which the latter has appealed.

The appellant assails the judgment on the ground that the proceeding was irregular and unauthorized by law. Section 26, Revised Statutes 1889, provides that if any heir, legatee, creditor, or other person interested in any estate, file in the probate court an affidavit stating that the affiant has sufficient cause to believe and does believe that the security in the executor's or administrator's bond has or is likely to become insolvent, or has died, or has removed from the state, or that the principal in such bond has or is likely to become insolvent, or is wasting the estate, or that the penalty in such bond is insufficient, or that such bond has not been taken according to law and shall have given the principal in such bond at least ten days' notice of the complaint, the court shall examine into the complaint. And the next succeeding section (27) for the same causes authorizes a similar proceeding by a security against his co-security or the principal in the bond. And it is further provided in another section (28) that if the court shall find for the complainant under either of the preceding sections referred to, it shall order another bond with sufficient security to be given and for failure to give such bond it shall revoke the letters (section 30).

Section 5299, Revised Statutes, provides that the court or judge in vacation shall have power to order every guardian and curator to give supplemental security or a new bond with sufficient security upon like notice, for the same causes, in the same manner and with like effect as is authorized by law in the case

of administrators and in default thereof, *or for other good cause to remove them* and appoint others in their stead.

This is not a proceeding to require the guardian to give additional security or another bond, but to remove him from office for misconduct in the execution of his trust. The statute relating to guardians and curators already quoted not only provides that a GUARDIANS and curators: probate court: jurisdiction to re-move. guardian or curator may be removed if they fail to give bond when so ordered by the court, but they may be removed for *other good cause.* *What is other good cause* and what is the proceeding to remove a guardian or curator for such good cause? While the language of the statute is somewhat obscure in its meaning and wanting in clearness of expression, yet we must think it was the intention of the lawmakers that it should apply to a proceeding of this kind, in so far as it relates to the requirement of notice and the complaint specifying the ground of removal.

In section 141 of Field on the Law of Infants, Parent and Child, Guardian and Ward, it is stated: "The court having competent jurisdiction of the case, always has power to remove any guardian for good and sufficient cause. If on a proper application to the court and due notice to the guardian, or his appearance on such application, it appears that there has been an abuse of the trust, he will be removed." The chancery court may remove a guardian whenever he abuses his trust or the interests of the ward require it. And so, too, probate courts may summarily remove guardians of their own appointment for good cause. But no removal can be had without good cause shown.

Among the causes which have been deemed sufficient for removal of a guardian are these: Gross and confirmed habits of intoxication. Any breach of offi-

cial duties amounting to misconduct. Failure to file inventories or accounts as required by the terms of his trust. Using the ward's funds for the guardian's own advantage to the ward's detriment. Abandonment of the trust. Ignorance or imprudence on the part of the guardian whereby the ward's interests suffer. Waste of the ward's estate and the like. Schouler's Domestic Relations, sec. 316. It would seem that a probate court has power to remove a guardian, not only for any statutory cause, but for any such abuse of the trust as would justify the interference of a chancery court.

The complaint charged that affiants have reason to believe that said guardian is likely to become insolvent and is wasting the estate of said minors; that said guardian is not faithfully discharging his duties according to law and the conditions of his bond as guardian in this: That is, on the —— day of June, 1895, the said Will R. King, as guardian of said minors, made his first annual settlement, and that said settlement showed a balance due from said King as guardian aforesaid amounting to $418.73; that it was the duty of the said guardian to loan the amount so found due at the highest legal rate of interest that could be obtained on prime real estate security, and that both prior and subsequent to said settlement he has wholly failed and neglected so to do, and at the time of making said settlement failed to report his inability so to do; that subsequent to the date of said settlement said Will R. King, as guardian as aforesaid, has received large amounts of money which he has failed, neglected and refused to loan as required by law; that the money received as aforesaid has not been used in improving the real estate of said minors; that they believe that the said Will R. King has and is now using the said money received as aforesaid for the transaction of his own business; that the

*—: notice of removal: appearance.*

said Will R. King is a party defendant in divers expensive and vexatious suits now pending in the Saline county circuit court involving the interests of said minors in the estate of the said Will R. King, deceased. It is thus seen that the complaint not only alleges two of the statutory causes of removal, that is to say, that the respondent was likely to become insolvent and was wasting the estate, but also other good causes, either or any of which are sufficient to uphold the judgment.

An examination of the evidence has convinced us that it is sufficient to warrant the finding and judgment of the trial court. The notice was signed by the three minors. One of them appears to have been under fourteen years of age and her name was signed by her next friend. If the notice was defective in any material respect, any objection that the appellant might have urged thereto was waived by his voluntary appearance to the proceeding. The court was invested by the statute with jurisdiction of the subject-matter and the voluntary and unlimited appearance of the appellant to the proceeding gave the jurisdiction of his person, so that the jurisdiction rightfully extended to both subject-matter and the person of the appellant. Schouler, Dom. Rel., sec. 317; *Carter v. Wamack,* 64 Mo. App. 338.

The rule is well settled that the probate courts are allowed a liberal discretion over removals, and their decisions will not be reversed on appeal unless palpable injustice has been done. Schouler, Dom. Rel., sec. 317, *supra,* and cases cited in note 2.

No error is perceived in the action of the court in refusing defendant's instruction which is in the nature of a demurrer to the evidence. The judgment will be affirmed. All concur.