In the Matter of the Guardianship of Frank B. Nelson.

Guardianship: FAILURE TO MAKE TIMELY REPORT: REMOVAL: DISCRETION. The statute requiring a guardian to make report at least once a year and subjecting him to removal for failure to do so is not mandatory, but the court is invested with discretionary power to inquire into the merits of each case and to remove or refuse to remove the guardian for failure to file his report in time, as the safety of the trust and interests of the ward seem to require.

Same: DISCRETION OF COURT: EXCUSE OF GUARDIAN. In this proceeding for the removal of the guardian of an incompetent because of failure to file his report within the statutory time, the facts and circumstances and excuse of the guardian for such failure are reviewed, and it is held that there was no abuse of discretion in denying the petition for removal.

*Appeal from Crawford District Court.*—Hon. Z. A. Church, Judge.

Thursday, June 16, 1910.

The ward, Frank B. Nelson, having been adjudged of unsound mind, M. E. Jones was duly appointed his guardian under date of January 29, 1906. On November 27, 1907, the ward appeared by counsel and filed an application for the removal of the guardian on the ground that he had failed and refused to make any report to the court of his dealings in the matter of said trust as provided by law. On the same day the guardian filed a report in said matter as a substitute for one which he claimed to have prepared in due time and delivered to his counsel by whom the same had been filed or had been lost or mislaid. He also filed a resistance to the application for his removal. On December 14, 1907, the court

overruled the application for removal, from which ruling the ward perfected an appeal to this court on February 13, 1908. Thereafter on December 1, 1908, and while the appeal above mentioned was still pending, the ward filed another petition for the removal of said guardian on the ground that the last report made by him was on November 27, 1907, and that since said date though more than one year elapsed he had neglected and refused to make further reports as was his duty under the law. On the same day the guardian appeared, resisted the petition for his removal, filed his report, and made showing to explain why it had not been sooner presented. After hearing the evidence the court again denied the petition, and from this order, also, the ward has appealed.— *Affirmed.*

*L. H. Salinger, T. V. Walker,* and *B. I. Salinger,* for appellant.

*Conner & Lally,* for appellee.

Weaver, J.—It is well at the outset to clearly define the questions, upon which we are asked to pass. Though there is some slight suggestion in argument of other reasons why the appellee should be removed from the guardianship, they are not made grounds of the relief asked nor were they considered or tried in the court below. Each of the two applications for the removal of the guardian is based upon the single complaint that appellee had failed to make report to the court within the time prescribed by statute. The decree of the trial court recites that this is the only question presented and decided. Counsel for appellant in their brief submitted upon these appeals also thus limit the question by stating that the action is "to remove the guardian for failure to make two successive annual reports" and that the issues to be considered are,

first, "whether the district court had any discretion about removing a guardian where it appears that he has failed to make annual report of his doings;" and, second, "whether it was not an abuse of discretion to deny such removal" in the present instance. To the propositions thus presented we shall confine our attention.

I.  Has the court any discretion to refuse an application for the removal of a guardian where one or more failures to file yearly reports in due season are proven or admitted?  The statute (Code, section 3203) requires a guardian to make report to the court at least once a year and failure to do so subjects him to a penalty and is made "ground for removal." The language of the statute making the failure a "ground for removal," but not providing the guardian *shall* be removed, indicates that, while such default shall be sufficient justification for an order of court removing him from the trust, such action is yet a matter within the reasonable discretion of the court acting in view of the particular circumstances of the case under consideration. It is proper, and it is the duty of the courts to insist that guardians show substantial obedience to statutory regulations, but it is conceivable that failure to report promptly may occur under circumstances involving no lack of good faith, and investigation may demonstrate that notwithstanding the omission the trust has been prudently and wisely administered, and that the proper protection of the ward's "interests" does not require any change in the guardianship. It would be an unwise law which would deny the court authority to look into the merits of each case and to remove or refuse to remove the guardian according as the safety of the trust and the interests of the ward shall seem to require. None of our decisions requires us to construe the statute more narrowly than is here suggested. In *McIntire v. Bailey,* 133 Iowa, 418, referred to by counsel; the application was not, as in

1. GUARDIANSHIP: failure to make timely report: removal: discretion.

the instant case, grounded upon the sole complaint that the guardian had failed to make yearly reports in due time, but upon the charge that he had wholly converted the trust funds to his own use, had presented no account thereof and had neither money, property, nor funds to which he could point as representing the trust estate. The view we here express that the statute does not deprive the court of discretion in such cases finds support in precedents from other jurisdictions. Indeed we find none which holds that removal for such omissions is mandatory where the guardian appears and is ready and willing to make full accounting and report. In passing upon a similar question it has been said that the Supreme Court will not interfere with an order removing or refusing to remove a guardian unless it appears that the trial court abused its discretion. *Johnson v. Metzger*, 95 Ind. 307. It has also been said that trial courts are allowed liberal discretion in such matters, and that their decisions will not be reversed on appeal unless it be made to appear that palpable injustice has been done. *King v. King*, 73 Mo. App. 78. See, also, *Ledwith v. Trust Co.*, 2 Dem. Sur. (N. Y.) 439. Other authorities have applied the very equitable rule that unless the statute makes the removal of a guardian mandatory on a showing of failure to report, an opportunity should be afforded him to make the overdue report and show if he can that the ward's interests have suffered no prejudice by the delay. 9 Encyclopedia Pleading and Practice, 923. Indeed, when counsel for the appellant came to a discussion of the legal propositions in their printed brief they say: "A statute making the failure to report once each year ground for removal of a guardian leaves discretion as to such removal, where it appears there has been such failure." Elsewhere they say: "Ordinarily, the matter of removal of a guardian rests in the sound discretion of the court appointing him, but this is a legal discretion which it is the duty of this court to correct where there has been an abuse thereof."

With this conclusion there can be no serious quarrel, and it leaves this case to turn upon the single inquiry considered in the next paragraph.

II.    Considering the circumstances shown in evidence, did the trial court abuse its discretion in denying the application for the removal of the guardian?    In considering this question this court is required to indulge in every reasonable intendment supporting the propriety of the rulings appealed from. The presumption of regularity of action by the trial court is peculiarly persuasive in probate and guardianship proceedings under our system of practice, in which those courts come to have more or less familiar knowledge of the several estates and trusts being administered within their jurisdiction, and are in far better position to know and appreciate the necessity and propriety of the orders made by them and the trustworthiness of persons holding such trusts than is possible for this court to attain from an examination of the printed record.

2. SAME: discretion of court: excuse of guardian.

The appointment of the guardian as we have before noted, was made in January, 1906.    On November 27, 1907, no report appearing on file, the petition was filed for his removal.    The guardian immediately appeared with a report covering the entire period of his trust to that date, and made a showing that he had prepared a report within one year from his appointment and left it with his counsel to be filed and supposed that the duty had been performed. Counsel corroborate the statement and testify to their best recollection and belief the report was in fact left with the clerk.    This showing and report were assailed by motion and demurrer, because they were confessedly made after the guardian had become liable to removal.    The attacks upon the report were finally overruled, the report approved, and the petition for removal of the guardian denied on December 4, 1907.    The court appears to have inquired

into the financial responsibility and personal fitness of the guardian for the trust imposed upon him and, as we must assume, also satisfied itself that the delay in filing the report had not prejudiced the interests of the ward. Under such circumstances there was no abuse of discretion in refusing the demand for the guardian's removal. As to the refusal of the second demand, there is even less ground for criticism. The last prior report, as we have already seen, was presented to the court November 27, 1907, and meeting such resistance as hereinbefore shown it was not disposed of until December 4, 1907. The next report was filed December 1, 1908, and was therefore within one year from the approval of the former report, but was one year and four days after such prior report was filed. To this report as to the former no objection or exception was taken except that it was filed out of time. Appellant's abstract herein states it to be "conceded for the purpose of the hearing that the guardian was guilty of nothing except failure to report." It must therefore be assumed that the showing made by the guardian as to the condition of the trust estate and his management disclosed no substantial ground of exception thereto save only as to the date of its presentation. While it may be true, as argued by counsel, that the statutes providing for report at least once a year contemplate that not more than twelve months shall intervene between the filing of successive reports, yet assuming, as we must, that removal for failure in this respect is subject to the legal discretion of the trial court we are very clear that refusal to order such removal for no other reason than a delay of four days in filing a report which is otherwise correct and satisfactory and where no prejudice is alleged or shown to the ward or to the estate is not an abuse of such discretion. The first report was filed during a term of court, and was disposed of before that term was finally adjourned. The second report was filed during the corresponding term one year later upon advice

of counsel that, if presented during such term, it would be timely. For the purposes of the case we may concede that the advice was incorrect and that the court if so inclined could have penalized the delay by removing the guardian, but if in view of the circumstances the court was satisfied that the guardian was making an honest effort to obey the law, and that not the slightest harm or injury had resulted to any party in interest, a refusal to make such order was not only well within the court's discretion but was also eminently just. From some matters stated in the abstracts and arguments it seems that the ward is disposed to deny that he is a fit subject for guardianship and that he has instituted or proposes to institute proceedings to be relieved therefrom. That controversy, if one exists, is not before us, and has no bearing upon the present appeals. We have to take the adjudication of the ward's incompetence as a verity until in some suitable proceeding that fact is again put in issue, and is regularly submitted to our review.

III. Errors have been assigned upon the rulings of the trial court in the admission of evidence. We shall not prolong this opinion for their discussion, because the essential facts upon which our disposition of the cases turn are such only as are admitted by appellant's own showing or express concession.

We find no reason for disturbing the orders entered by the trial court, and they are therefore *affirmed*.