In the Matter of the Guardianship of Walter Rummels, a Person of Unsound Mind. Paul P. Clark, Guardian.

Guardianship: REMOVAL OF GUARDIAN: DISCRETION. The removal of a guardian is a matter addressed to the discretion of the court which hears the application and the evidence, and the order entered will not be reversed on appeal unless an abuse of such discretion is shown.

*Appeal from Montgomery District Court.*—Hon. O. D. Wheeler, Judge.

Wednesday, April 8, 1914.

APPLICATION by the ward, Walter Rummels, and J. M. Halbert for the removal of the guardian. The trial court, after hearing the evidence, refused the order prayed for, and the said Rummels and Halbert appeal.—*Affirmed.*

*Paul W. Richards,* for appellants.

*T. J. Hysham,* for appellee.

Weaver, J.—The ward is the owner of 1,100 acres of land in Montgomery county which the guardian has leased to one Andum, husband of the ward's sister. The only other near relative of the ward is his father, who is also under guardianship. There was evidently some dissatisfaction on part of the ward with the guardian's management, and the

matter finally culminated in this application for an order of removal.

The grounds on which the removal of the guardian was asked are stated at considerable length in the pleadings. Summarized, they are, so far as material, that the guardian has wasted the estate, has permitted some of the improvements to deteriorate, has not obtained as high a rental for the lands as he reasonably might have done, and that on one occasion complaint to the court was found necessary to secure proper order upon the guardian to perform his duties in this respect, and that he fails and neglects to observe the order so made.

These allegations are denied by the guardian, who further tenders explanation concerning certain matters complained of in the application.

There is no occasion for prolonging this opinion to set out the testimony. The trial court heard it all, and found no fault on part of the guardian of such gravity as to require his removal. We have held that the removal or retention of a guardian is a matter committed to the discretion of the court which hears the application and the evidence offered in its support, and the order so entered will not be reversed on appeal, unless an abuse of that discretion is shown. See *Guardianship of Nelson*, 148 Iowa, 118, and authorities there cited.

The record discloses nothing which would justify us in holding that the trial court so clearly failed in its duty in the premises, or that its judgment so clearly works a palpable injustice, that its order ought not to be permitted to stand. Indeed, our examination of the testimony convinces us that the complainants have failed to establish the material allegations of their petition. Whether the best interests of the ward's estate requires a change of tenants, or whether the rental fixed by the order of court is adequate under all the circumstances of the case, are matters which are under the immediate supervision of the trial court. That court is in far better position than we are to understand the merits of

these disputes, and, so far as we can judge from the parts set forth in the abstracts, its orders have been fairly well calculated to conserve the estate of the ward.

We find no occasion to interfere with the order appealed from, and it is—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concurring.