IN RE GUARDIANSHIP OF CHARLES W. CANNON.

No. 45755.

DECEMBER 9, 1941.

D. D. Evans, H. J. Luetjen, and Q. A. Quigley, for appellee.

Ralph W. Cockshoot and Dalton & Dalton, for appellant.

WENNERSTRUM, J.—This appeal has developed by reason of an application made on behalf of a guardian for a nunc pro tunc order in a guardianship proceedings approving the prior purchase of real estate. The ward is a former soldier. The Administrator of Veteran's Affairs, through his counsel, filed objections to the application made by the guardian. In connection with the objections filed by the Veteran's Administration the court was petitioned to remove the present guardian and to appoint a succeeding guardian. The court denied the application for a nunc pro tunc order, removed the guardian and appointed a new one. The original guardian has only appealed from that part of the order removing the guardian and appointing a successor.

A. C. Cannon, guardian of Charles W. Cannon, incompetent, was appointed on January 7, 1923. The record does not

disclose the circumstances under which the guardian purchased the property in question, but it is intimated that it was through the making of a previous loan. However it is shown by the pleadings filed by the guardian that he purchased certain property in Atlantic, Iowa, on or about August 29, 1931, and paid $700 out of the guardianship funds for it. No application was made to the court for authority to purchase this property, although in reports filed subsequent to the application for the nunc pro tunc order, it was listed as an asset of the estate. It is the claim of the guardian that he thought an application had been made to the court for authority to purchase the property in question and that an order had been obtained. He asserts that it was not until the year 1940 that the fact was brought to his attention that no prior order authorizing the investment of the guardian's funds in the real estate in question had been obtained.

On the date of the hearing before the district court upon the application for the nunc pro tunc order and the objections thereto, the guardian dictated into the record a pleading which was designated a resistance to the objections filed on behalf of the Veteran's Administration to the original application. In the resistance dictated and made a part of the pleadings the guardian objected to the court considering any matters except that which pertained to the original application for a nunc pro tunc order. In the resistance it was further asked that the part of the objections filed on behalf of the Veteran's Administration asking for the removal of the guardian and the appointment of a new guardian, be stricken. No ruling was made by the court on the resistance and objections made on behalf of the guardian to hear any matter except the application for the nunc pro tunc order or on the motion to strike the application for the removal of the guardian as made in the objections filed by the Veteran's Administration.

I. It is the guardian's contention that the court could not give consideration to any other matters than those raised by the original petition for the nunc pro tunc order. There is no merit to this contention. The guardian and his counsel were in court at the time of the hearing, and as shown by their re-

sistance to the objections which they dictated into the record joined issue with the Veteran's Administration on the question as to the removal of the guardian. No request was made for an immediate ruling on the guardian's motion to strike that portion of the objection filed by the Veteran's Administration pertaining to the consideration of the request for the removal of the guardian. As far as the record shows the guardian and counsel proceeded to trial without objections. They are not now in a position to complain of the consideration of the court of all the matters that were presented for its consideration.

█ II. The probate court is an administrative court. It is not necessary that the pleadings in connection with the matters before it be set forth in separate and independent pleadings or applications. It was proper that the demand for the guardian's removal be made in the objections of the Veteran's Administration to the guardian's application, rather than in a separate pleading. This has been our established holding.

In In re Estate of Willenbrock, 228 Iowa 234, 243, 290 N. W. 502, 507, speaking through Bliss, J., we said:

"* * *. Pleadings in probate do not require the particularity and formality of pleadings in suits or actions generally. * * *."

In In re Estate of Guthrie, 183 Iowa 851, 852, 167 N. W. 604, we said:

"The proceedings are somewhat out of the ordinary, but the court seems to have had jurisdiction of the parties and of the property in question, and there is no apparent reason for not disposing of the case on its merits."

It is our judgment that our last-quoted statement is quite applicable to the situation that is before us. All of the parties were present at the hearing and it was entirely within the jurisdiction and discretion of the court to take such action in connection with the matters that were then before it as it deemed proper.

█ III. There is no question but what the guardian had made some form of investment in the property in question

without an order of court. This investment was made after the enactment of section 12772 of the 1939 Code, which provides in part:

"All proposed investments of trust funds by fiduciaries shall first be reported to the court or a judge for approval and be approved * * *."

This statute became effective April 5, 1929, which was prior to the. time of the investment which the guardian now seeks to have approved by a nunc pro tunc order.

By making this application for a nunc pro tunc order the guardian admits that he had improperly handled the affairs of this guardianship although he endeavors to place the responsibility for his illegal acts upon the attorney who represented him in the guardianship proceedings. We are not disposed to permit this shifting of responsibility. The guardian is primarily responsible because of the fact that he is the official representative of the court. In connection with the appellant's general contention that the nunc pro tunc order should be signed and that there is no basis for the removal of the guardian, reference is here made to our statement in In re Guardianship of Nolan, 216 Iowa 903, 907, 249 N. W. 648, 650, which is as follows:

"* * *. The present statute [section 12772] was evidently enacted for the very purpose of making it necessary to secure such a prior approval before proposed investments are made. We can see no other reason for the adoption of this statute. It would be entirely meaningless if fiduciaries could still proceed in the same manner as before to make investments without complying with the new statute and have investments validated by a subsequent order of court. * * * We are also of the opinion that the legislature intended, by the present statute, to make it obligatory on the fiduciary to secure a prior order of court approving proposed investments."

IV. It has been our general holding that the removal of guardians rests in the sound discretion of the court and we will not interfere, where there is some basis for the order.

Ḣcịntire v. Bailey, 133 Iowa 418, 423, 110 N. W. 588; In re Guardianship of Nelson, 148 Iowa 118, 122, 126 N. W. 973, Ann. Cas. 1912B, 974.

We are of the opinion that the court was acting within its proper authority in removing the guardian under all the circumstances and that there was no abuse of discretion on its part. Therefore the order of removal of the guardian as entered by the district court and from which appeal has been taken is affirmed.—Affirmed.

MILLER, C. J., and STIGER, OLIVER, GARFIELD, BLISS, HALE, and MITCHELL, JJ., concur.