**METROPOLITAN TICKETS, INC.,**
d/b/a Metrotix, Appellant/Cross–
Respondent,

v.

**CITY OF ST. LOUIS, Respondent,**

and

**The Ticket Company, Inc.,**
Respondent/Cross–
Appellant.

**No. 60965.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 12, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 8, 1993.

Application to Transfer Denied
April 20, 1993.

Jerome F. Raskas, Charles A. Weiss, Robert M. Susman, St. Louis, for appellant/cross respondent.

Edward J. Hanlon, Robert D. Blitz, Nelson L. Mitten, St. Louis, for respondent/cross-respondent.

Charles A. Weiss, Steven A. Nieters, St. Louis, for respondent/cross-appellant.

CARL R. GAERTNER, Presiding Judge.

Plaintiff, Metropolitan Tickets, Inc., (Metrotix) instituted this action seeking to enjoin defendant, The Ticket Company, (Tickets Now), the City of St. Louis, and Community Facilities Corp., (CFC), from providing computerized ticketing services to intervenors, Riverport Performing Arts Cen-

ter Joint Venture, (Riverport) and other private entities. After a hearing, the trial court issued a permanent injunction forbidding Tickets Now from providing ticket services for riverboat casinos operating in Illinois, but declined to enjoin Tickets Now from serving general entertainment venues in St. Louis County and in Illinois. Plaintiff and defendants appeal.

In reviewing an equity case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Ballesteros v. Johnson,* 812 S.W.2d 217, 221 (Mo.App. 1991). We defer to the findings of fact in a court tried case, but we make an independent evaluation of the conclusions of law the trial court draws from its factual findings. *Bradley v. Mullenix,* 763 S.W.2d 272, 275 (Mo.App.1988). We must affirm the trial court if its ruling was proper for any reason, even if the grounds assigned were wrong. *Arthur v. Jablonow,* 665 S.W.2d 364, 365 (Mo.App.1984).

In 1986, Harry Ornest owned the St. Louis Blues professional hockey club, The Arena and a computerized ticket agency. Ornest desired to sell the club. The Mayor of St. Louis and civic leaders were eager to keep the hockey club in St. Louis, so they took an active role in finding the eventual buyer, Michael Shanahan. Shanahan purchased Ornest's interest in the Blues, and the City, through the Land Clearance for Redevelopment Authority (LCRA), purchased The Arena. Shanahan purchased the computerized ticket agency, Tickets Now, from Ornest and immediately transferred it to CFC, a non-profit corporation set up to hold the stock of and operate Tickets Now and to operate the Arena by leasing it from LCRA.

Computerized ticket agencies like Tickets Now operate a computer system which issues tickets for an entertainment venue from outlets located throughout an area. The agency is responsible for contracting with both venues and ticket outlets, which are often located in music, grocery, and department stores. The public can buy tickets at an outlet without visiting the venue's box office since the computer system prints the ticket on blank stubs at the time of purchase.

Tickets Now was and remains a for-profit corporation. At the time of the sale it only provided ticketing services for The Arena. At that time, Ticketmaster was the only other computerized ticket agency in St. Louis. Ticketmaster serviced another city facility, Kiel Auditorium. When Kiel's agreement with Ticketmaster expired, Tickets Now began providing ticket services for Kiel. Ticketmaster then filed suit in federal court claiming the switch of services violated antitrust laws. The Honorable Clyde Cahill, U.S. District Judge, ruled that the City, CFC, and Tickets Now were exempt from damages for antitrust violations because their actions were directed by City officials.

Ticketmaster eventually left the St. Louis market. However, Fox Associates, owners of the Fox Theater, started Metrotix, which directly competed with Tickets Now. At the same time, Tickets Now expanded its distribution outlets and the venues it served.

In the summer of 1991, Riverport prepared to open its 19,000 seat amphitheater in St. Louis County. Tickets Now agreed to provide computerized ticket services for Riverport. In response, Metrotix filed this suit seeking to enjoin Tickets Now from contracting with any private entities. The petition named Tickets Now, CFC, and the City of St. Louis as defendants. Riverport later intervened in the suit.

The trial court concluded first, Tickets Now and CFC are municipal entities, and second, that their activities served a public purpose and therefore were within the scope of municipal power and authority. Metrotix challenges the second conclusion, and Tickets Now and CFC challenge the first conclusion. We have determined that under Missouri Law the trial court's conclusion that Tickets Now and CFC are municipal entities is not supported by the evidence. This determination renders the question of public purpose moot.

■ The trial court's conclusion that Tickets Now and CFC are municipal entities was based upon the fact that the Mayor of the City of St. Louis appoints most of the Board of Directors of CFC and the officers and directors of Tickets Now. A City employee, appointed by the Mayor, serves as both CFC's chairman and president and the president of Tickets Now. The trial court took particular note of the fact that in the federal court action filed by Ticketmaster, CFC and Tickets Now had produced evidence that their activities were subject to control and direction by the Mayor and that Judge Cahill had found that they were "municipalities or agencies thereof." The trial court also stated that the St. Louis City Convention and Tourism Board is responsible to make up any annual shortfall in the operating revenues of Tickets Now through a transfer of funds from the St. Louis Hotel/Motel and Restaurant Tax. None of these facts, even if supported by the evidence, would lead to the legal conclusion that CFC and Tickets Now are municipal entities subject to Article X, § 3 of the Missouri Constitution.

In *Ruggeri v. City of St. Louis,* 429 S.W.2d 765 (Mo.1968), the Missouri Supreme Court held that placing city officers on the board of directors and the executive committee of a pro forma decree corporation did not make the corporation a public or governmental agency. "When these city officers take such places in the private agency, they simply exercise, in common with other officers of that agency, the powers that such agency has and nothing more." *Id.* at 770. Similarly, in *State ex rel Board of Control of St. Louis School and Museum of Fine Arts v. City of St. Louis,* 216 Mo. 47, 115 S.W. 534 (Mo.1908), it was held that an ordinance authorizing the addition of city officers to the "Board of Control", a department of Washington University, and the erection of a building to house an art museum to be owned by the City, was invalid because it purported to confer governmental power to a private agency. The augmenting of the board of control by the addition of the Mayor, Comptroller, and Park Commissioner, "fall[s] far short of changing the character of the board of control from a private administrative body into a public municipal body." *Id.* 115 S.W. at 542.

The trial court incorrectly stated that Judge Cahill in his opinion in the Ticketmaster litigation had found Tickets Now and CFC to be "municipalities or agencies thereof." At issue in that case was the charge that the City of St. Louis and its officers, the City defendants, and Tickets Now, CFC and others, the corporate defendants, violated federal antitrust laws in the operation of entertainment facilities and ticket services. The defendants argued and Judge Cahill found that the corporate defendants were subject to the direction and control of the City defendants. The Local Government Anti–Trust Act of 1984, 15 U.S.C. § 35, grants immunity to municipalities, their officials or employees from liability for damages for antitrust violations. Section 36 of the Act immunizes persons, including corporations, who commit antitrust violation under the direction of a local government or its officials. Without reaching the merits of Ticketmaster's case, Judge Cahill held the City defendants immune from liability under § 35 and the corporate defendants immune under § 36. Thus, rather than finding Tickets Now and CFC to be "municipalities or agencies thereof," he clearly distinguished them from City defendants.

Furthermore, our review of the record fails to disclose any competent evidence to support the trial court's finding that the Convention and Tourism Board was obligated to use funds derived from the St. Louis Hotel/Motel and Restaurant Tax to make up any insufficiency in the operating revenues of Tickets Now. Apparently, this finding was predicated upon testimony of the Mayor of St. Louis, received over strenuous objection, concerning his interpretation of a contract identified as the cooperation agreement. This agreement between the Land Clearance for Redevelopment Authority (LCRA), and the Convention and Tourism Board of the City of St. Louis was entered into in connection with the purchase of the Arena by LCRA. Under the terms of the agreement, the Tourism Board

was granted certain rights pertaining to the use of the Arena in consideration for its payment to LCRA of any annual shortfall in the operating revenues of the Arena. Neither Tickets Now nor CFC was a party to the agreement, although CFC as the lessee of the Arena was to prepare and submit an annual budget. The agreement contained no provision for the transfer of any funds of the tourism board to Tickets Now or to CFC.

■ In summary, there is no evidence to support the conclusion that Tickets Now and CFC are municipal entities. They are private corporations organized pursuant to Chapters 351 and 355 respectively. Neither corporation is supported by tax money, neither has the power to govern, to legislate, or to regulate and administer the local and internal affairs of the community. Of critical importance in determining that they are not governmental entities subject to the restrictions of the Missouri Constitution is the fact that neither corporation has the power to levy, collect, or to receive taxes. *See, State ex rel. Wagner v. St. Louis County Port Authority,* 604 S.W.2d 592, 604 (Mo. banc 1980); *Menorah Medical Center v. Health & Educational Facilities Authority,* 584 S.W.2d 73, 80 (Mo. banc 1979); *Champ v. Poelker,* 755 S.W.2d 383, 388 (Mo.App.1988).

In view of our determination that Tickets Now and CFC are not municipal or public entities, we need not address the trial court's finding that their activities were permissible as serving a public purpose. We are concerned with the correctness of the result in a court tried case rather than the route taken to reach that result. *Reinecke v. Klienheider,* 804 S.W.2d 838, 841 (Mo.App.1991).

The trial court issued a permanent injunction prohibiting Tickets Now from selling admission tickets to riverboat gambling casinos in Illinois. This order was based upon the trial court's conclusion that because riverboat gambling is illegal in Missouri, "[n]o municipal entity in Missouri should explicitly and directly facilitate and participate in riverboat gambling activities." The court's conclusion that Tickets Now is a municipal entity was erroneous. Moreover, we take judicial notice of the fact that riverboat gambling has been legalized in Missouri pursuant to the vote of the Missouri electorate at the November, 1992 general election.

Accordingly, the judgment of the trial court denying the relief requested in the petition of Metrotix is affirmed. That portion of the trial court's judgment enjoining Tickets Now from selling tickets to riverboat gambling in Illinois is reversed.

CRANE and SIMON, JJ., concur.