Bonnie PORTER, et al., Plaintiffs–Respondents,

v.

Fay FALKNOR, Defendants–Appellants.

No. 65254.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1995.

Application to Transfer Denied April 25, 1995.

Richard J. Burke, Jr., Padberg, McSweeney, Slater & Merz, St. Louis, for appellants.

John L. Sullivan, B. Thomas Kearns, Sullivan and Brummond, St. Louis, for respondents.

KAROHL, Judge.

Fay Falknor, the personal representative and residuary beneficiary of the estate of Claude M. Saunders, appeals from a judgment ordering specific performance of a contract to make a will. We reverse and remand.

Claude M. Saunders and Wilma Irene Saunders were married in 1929. No children were born of the marriage. Claude M. Saunders had a son, named Claude A. Saunders, by a previous marriage. In 1973, Claude M. and Wilma Saunders executed a joint will. The will contained the following provisions:

### ITEM THREE

All the rest, residue and remainder of our property, real or personal wheresoever situated, of which one of us may die seized or possessed, or to which we, or our estate may, in any manner or to any extent by (sic) entitled, or as to which we may have the power of appointment, we *give, devise and bequeath* to each other, the survivor. (our emphasis).

### ITEM FOUR

In the event we shall die simultaneously or concurrently, we *hereby direct* that all the rest, residue and remainder of our property be *given[,] devised and bequeathed* to our child CLAUDE A. SAUNDERS and to our niece BONNIE LEE PORTER to share and share alike, including all real property we may own. (our emphasis)

\* \* \* \* \* \*

### ITEM SIX

It is our *mutual desire* that the survivor execute a New Will leaving all property held by the survivor to our child and our niece to share and share alike and equally. (our emphasis)

On April 10, 1988, Wilma Saunders died. All the property owned by her and her husband was held by the entireties and passed to him by right of survivorship.

On January 29, 1990, Claude A. Saunders died. He was survived by four children, Claude A. Saunders, Jr., Claudia Arnold, Timothy Saunders and Steven Saunders.

On October 29, 1991, Claude M. Saunders executed a will. He bequeathed $500 to each of his four grandchildren, $40,000 to Bonnie Porter, and the residue of his estate to Fay Falknor. On November 21, 1991, Claude M. Saunders died. His will executed on October 29, 1991, was admitted to probate.

Bonnie Porter, Claudia Arnold, Claude A. Saunders, Jr., Timothy Saunders and Steven Saunders (respondents) filed a petition for specific performance of a contract to make a will. Steven Saunders died during the pendency of the action. His personal representative, Robert C. Weis, was substituted as a party-plaintiff.

The trial court found that Claude M. and Wilma Saunders had contracted to make a will. The contract required the survivor of the two to execute a new will devising all of the survivor's property equally to Claude A. Saunders and Bonnie Porter. The trial court also found that Claude M. Saunders breached the contract. The court ordered Claude M. Saunders' personal representative to distribute the net estate, one-half to Bonnie Porter and one-eighth each to Claudia Arnold, Claude A. Saunders, Jr., Timothy Saunders and Robert C. Weis. The court found that Claude A. Saunders' children received his one-half interest pursuant to § 474.460, RSMo 1986. Fay Falknor appeals.

Appellant's first point is the trial court erred in ordering specific performance of a contract to make a will because the 1973 joint will contained precatory language that only expressed a nontestamentary, advisory desire regarding distribution of the survivor's estate.

The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Car-*

*ron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the findings of fact in a court-tried case, but we make an independent evaluation of the conclusions of law the trial court draws from its factual findings. *Metropolitan Tickets, Inc. v. City of St. Louis,* 849 S.W.2d 52, 53 (Mo.App.1993).

A contract to make mutual wills to remain unrevoked at the death of the parties is valid and enforceable if fair and just, definite and certain in its terms and as to the subject matter, and based upon a sufficient consideration. *Plemmons v. Pemberton,* 346 Mo. 45, 139 S.W.2d 910, 914 (Mo. banc 1940). All essential terms of a contract must be sufficiently definite to enable the court to give them exact meaning. *In re Marriage of Riley,* 817 S.W.2d 644, 646 (Mo.App.1991).

Appellant argues the language in item six of the purported contract is not sufficiently definite and certain as a matter of law to allow for specific performance. She contends the language is insufficient because the phrase "our mutual desire" does not evidence an intent to create a legally binding relationship. We agree.

The Saunders' 1973 joint will contains ambiguities that do not support the trial court's finding of a contract to make a will. Item three of the will contains the definite words "give, devise and bequeath." Item four contains the definite words "hereby direct" and "given[,] devised and bequeathed." Thus, the parties knew how to make a term definite, but did not do so in item six where they used the words "our mutual desire."

Respondents argue the words "our mutual desire" are similar to the words used in a joint will in *Wimp v. Collett,* 414 S.W.2d 65 (Mo. banc 1967). In *Wimp* the court found that a husband and wife had made an oral contract regarding the disposition of their property upon the death of the survivor of their joint will. *Id.* The joint will contained words such as "direct" and "give, bequeath and devise." *Id.* at 68. The will did not contain words similar to "our mutual desire." In addition, several witnesses testified to the existence and nature of the contract. *Id.* at 72–74. Thus, the *Wimp* case does not control the present case where the joint will contained the words "our mutual desire," and

no extrinsic evidence was offered to prove an agreement existed between the parties.

In addition to the indefinite term "our mutual desire," the will contains a second ambiguity. When items four and six are read together, the disposition in six is impossible. Claude A. Saunders died before Claude M. Saunders. No definite disposition was made in item four with respect to the shares of Claude A. and Bonnie Lee if either (or both) predeceased the survivor of the joint will. It is unclear whether Wilma Saunders wanted Claude A.'s descendants to take his share. Likewise, it is unclear whether Claude M. wanted Bonnie Lee's descendants to take her share. Moreover, § 474.460, RSMo 1986 does not resolve this ambiguity. That section is only triggered when an existing will devises an estate to a testator's child, grandchild or relative who predeceases the testator. It provides for per stirpes distribution of the deceased devisee's share. In the present case, no will was admitted to probate devising anything to Claude A. Saunders, the son of Claude M. Saunders. Section 474.460 has not been triggered.

Finally, no extrinsic evidence was offered to explain the ambiguous terms of the 1973 joint will. At trial plaintiffs attempted to introduce a letter that Claude M. Saunders allegedly wrote explaining the 1973 joint will. However, the trial court sustained defendant's objections based on hearsay and a violation of the parol evidence rule.

Respondents argue there was extrinsic evidence from which the trial court could find the Saunders had made an agreement. They argue extrinsic "evidence is found in the testimony of the witnesses confirming that the preferred beneficiaries of the 1973 contract and Will (sic) were Claude's son and Wilma's niece." The reference is unclear because of the absence of citations to the record. Respondents' allusion to extrinsic evidence could be the following:

(Counsel for plaintiffs): What did he (Claude M. Saunders) say to you about the will?

(The Court then overruled defendant's hearsay objection based on the state-of-mind exception.)

(Bonnie Porter): He told me the agreement that I seen (sic) and he had made, he planned to give 50 percent to his son and 50 percent to me of whatever he had and that would belong to us 50–50.

This evidence was not admitted as substantive proof of an agreement between Claude M. and Wilma Saunders. Further, even if this answer suggests Claude M.'s testamentary intent, it does not constitute proof of Wilma's intent. Our review of the record discloses no other extrinsic evidence. Thus, we find the evidence was insufficient to support a finding there was a contract to make a will. In light of this finding, we need not address appellant's second point.

Reversed and remanded.

AHRENS, P.J., and SIMON, J., concur.