In the ESTATE OF Richard
SALING, Deceased.

Jackie Lee MAKARA, Plaintiff–Appellant,

v.

Winford C. BROWN, Personal Representative of the Estate of Richard Saling, et al., Defendants–Respondents.

No. 20452.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1996.

Stephen K. Paulus, Woodard, Evans & Paulus, L.L.C., Cuba, for appellant.

Bill Hopkins, Marble Hill, for respondents.

PREWITT, Presiding Judge.

Plaintiff filed a Petition seeking a determination of heirship, under Section 474.060, RSMo1994. Plaintiff claimed that she was decedent's only child. Pursuant to Defendants' motion to dismiss, the trial court determined that Section 474.060 "was preempted in 1987 by the legislature's adoption of the Uniform Parentage Act, i.e. Chapter 210 RSMo...." Plaintiff's Petition was thereafter dismissed.[1]

The basis of the trial court's ruling was that Section 474.060 was preempted and apparently repealed by implication by the Uniform Parentage Act, §§ 210.817–210.852, RSMo1994. Both before and after the trial court's ruling there is language in cases indicating that the Uniform Parentage Act is the exclusive means for determining paternity in Missouri. *See, e.g., State ex rel. State of Illinois v. Schaumann,* 918 S.W.2d 393, 395 (Mo.App.1996). The Missouri Supreme Court, however, has ruled since the trial court's decision, that "the General Assembly refused to make the Parentage Act the exclusive means to establish paternity for probate." It ruled that Section 474.060 is viable and was not repealed by implication. *In re Nocita,* 914 S.W.2d 358, 359 (Mo. banc 1996).

Appellant relies upon and Respondents acknowledge that the effect of *Nocita* was "rendering incorrect the grounds assigned for such ruling in the instant case by the Trial Court." Respondents now contend that we should affirm because, although the reasoning for the ruling was improper, it was the correct result, citing such cases as *Metropolitan Tickets, Inc. v. City of St. Louis,* 849 S.W.2d 52, 53 (Mo.App.1993).

The fallacy in Respondents' contention is that the facts upon which Respondents' argument is premised are beyond the petition. At the hearing on the motion to dismiss the trial court expressly excluded any evidence and declined to treat the motion as one for summary judgment. As the trial court declined to treat the matter as summary judgment, review is limited to whether the Petition stated a claim for which relief can be granted. Rule 55.27(a); *I.R. Kirk Farms, Inc. v. Pointer,* 876 S.W.2d 283, 285 n. 2 (Mo.App.1994); *Inman v. Reorganized Sch. Dist. of Hayti,* 814 S.W.2d 671, 672 (Mo.App. 1991).

When reviewing whether the petition states a claim for which relief can be granted, this Court construes the petition favorably to the Plaintiff and gives Plaintiff the benefit of every reasonable intendment in view of the facts stated; if the allegations invoke principles of substantive law entitling Plaintiff to relief, the petition is not to be dismissed. *In re Estate of Phillips,* 901 S.W.2d 304, 307 (Mo.App.1995). Ruling on a

---

1. Originally, Plaintiff filed a two-count petition. The first count was voluntarily dismissed prior to the trial court's ruling which dismissed Count II.

motion to dismiss a petition for failure to state a claim is ordinarily confined to the face of the petition, which must be given a liberal construction. *Matt v. Burrell, Inc.*, 892 S.W.2d 796, 798 (Mo.App.1995).

 Respondents do not claim that the Petition on its face does not state a claim for which relief can be granted. As earlier noted, their brief contends that we should affirm the trial court on the basis of facts outside of the petition. Under this Court's review of the decision on Respondents' motion to dismiss, those facts, whether or not they are true, cannot be considered.

The judgment dismissing Plaintiff's petition is reversed and the cause remanded to the trial court for further proceedings.

SHRUM, C.J., and CROW, J., concur.