INDUSTRIAL TESTING LABORATORIES, INC., Plaintiff/Appellant,

v.

THERMAL SCIENCE, INC., Defendant/Respondent.

No. 71545.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 23, 1997.

Merle L. Silverstein, Joshua M. Schindler, Clayton, for plaintiff/appellant.

Gordon L. Ankney, Matthew J. Fairless, St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

The trial court granted defendant's motion to dismiss plaintiff's petition for failure to state a cause of action. Plaintiff appeals, raising one point.

Plaintiff alleges that the trial court erred in dismissing its fraud claim. Plaintiff contends it adequately pled that defendant's false and fraudulent representations, and plaintiff's reliance thereon, were the direct and proximate cause of plaintiff (1) being charged with a federal crime, (2) being assessed a fine, and (3) losing its reputation and clients. We reverse and remand.

## I. Background

We set forth the facts as alleged in the petition. For forty-eight years, plaintiff has engaged in the business of testing all types of materials, products and premises. It enjoyed a reputation as a highly qualified, impartial, and reliable laboratory.

Defendant manufactures a product called "Thermo–Lag." It markets the product as a fire resisting insulating material, used extensively in nuclear power plants.

The parties had a business relationship which existed for many years. A high degree of mutual trust and confidence existed between them. From 1981 through 1990, defendant hired plaintiff to participate in testing Thermo–Lag to enable defendant to sell it to various nuclear plants.

The petition continues, alleging that defendant falsely and fraudulently represented to plaintiff that plaintiff's only role in the testing "was to witness the test and have an observer present at the time of testing to confirm the temperatures achieved and other relevant figures involved in each test." Further, defendant represented that the report of each test accurately reflected the occurrences and results of the test, "and that cover sheets to be signed by Plaintiff indicating approval would only be attached to such accurate reports."

Plaintiff relied on these representations. It signed a number of cover sheets supplied by defendant, which were supposed to be attached to each test report.

The falsity of the representations included the fact that the true role required of plaintiff, "as the independent testing entity, was to witness and supervise the preparation of the test samples, and the build-up of the test articles, in addition to observing the test itself and recording the statistics." Defendant prepared reports, and attached cover sheets signed by plaintiff, which contained extensive false and inaccurate statements regarding plaintiff's role in the test. Plaintiff did not learn of these false representations until May 1993, when the United States Nuclear Regulatory Commission conducted an investigation.

"As a direct and proximate consequence [of] the Defendant's false and fraudulent representations and Plaintiff's reliance thereon, Plaintiff sustained serious and substantial damage: Plaintiff was charged with the federal crime of aiding and abetting the submission of a false report under the Nuclear Regulatory Act, and assessed a fine of $150,-000; substantial exposure in the media brought this matter to the attention of Plain-

tiff's clients throughout the country, and Plaintiff's reputation therefore became severely tarnished and Plaintiff was caused to lose clients whom it had represented for many years."

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. It alleged that the petition "fails to allege proximate cause and injury."

The trial court granted the motion. In its order, it said:

Plaintiff here has not alleged a proximately caused injury. Plaintiff has alleged it pleaded guilty and was assessed a fine in the amount of $150,000. The fine imposed on plaintiff was a criminal sanction based on its admission of wrongdoing; it was not a compensatory judgment in a civil case for which plaintiff might have a claim for indemnity or contribution. The proximate cause of plaintiff's criminal sentence was plaintiff's guilty plea and criminal conviction, which was necessarily based on plaintiff's conduct. Plaintiff therefore cannot establish a causal connection between any action of defendant and this criminal sentence which would entitle plaintiff to recoup this amount from defendant.

Plaintiff also alleges the entire fraudulent scheme was exposed when plaintiff's employees testified before a federal grand jury, and national exposure in the media brought the matter to the attention of plaintiff's clients. Plaintiff has not alleged that defendant made false statements to plaintiff's clients, that the reporting in the media was false and defendant was responsible for any such falsity, or otherwise alleged any causal connection between the representations made by defendant to plaintiff and plaintiff's subsequent injuries. Rather, plaintiff has alleged its injuries resulted from a criminal investigation and plaintiff's subsequent guilty plea and conviction as well as the public disclosure of the same.

## II.   Motion to Dismiss

In plaintiff's only point, it alleges that the trial court erred in granting defendant's motion to dismiss because "plaintiff alleged proximate cause in its petition in that it alleged that as a direct and proximate consequence of defendant's false and fraudulent representations and plaintiff's reliance thereon plaintiff was charged with the federal crime of aiding and abetting the submission of a false report under the Nuclear Regulatory Act, and assessed a fine of $150,000."

On appeal, our review of a motion to dismiss for failure to state a claim requires that we construe the petition favorably to the plaintiff. We are to give the plaintiff the benefit of every reasonable intendment in view of the facts stated. If the allegations invoke principles of substantive law entitling plaintiff to relief, the petition should not be dismissed. *Estate of Saling*, 924 S.W.2d 312, 313 (Mo.App. S.D.1996); *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 295 (Mo.App. E.D.1997).

At the trial court level, when considering a motion to dismiss for failure to state a cause of action, the trial court can only look to the pleadings. Rule 55.27(a). The rule reads in pertinent part:

If, on a motion asserting ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

Nothing in the record indicates that the motion to dismiss was treated as a motion for summary judgment. Before the trial court could consider it as such, the trial court must notify the parties it is so doing. *Hanrahan v. Nashua Corp.*, 752 S.W.2d 878, 881 (Mo. App. E.D.1988).

We have previously set forth the relevant portions of plaintiff's petition; its causation allegation and the trial court's order are verbatim. The trial court, in considering the motion to dismiss, obviously looked at facts outside the petition. As examples, nothing in the petition alleges, as the trial court found, that plaintiff pled guilty to a criminal offense, that the "fine imposed on plaintiff was a criminal sanction based on its admission of wrongdoing," or that the "proximate cause of plaintiff's criminal sentence was plaintiff's guilty plea and criminal conviction." Wheth-

er those facts are true, they cannot be considered on a motion to dismiss because they are outside the petition. *Estate of Saling*, 924 S.W.2d at 314.

Giving the petition its broadest intendment, plaintiff's causation allegation is sufficient. The trial court erred in granting defendant's motion to dismiss. Point granted.

The trial court's judgment is reversed. The cause is remanded for further proceedings.

PUDLOWSKI, J., concurs and concurs in separate concurring opinion of GARY M. GAERTNER, J.

GARY M. GAERTNER, J., concurs in separate concurring opinion.

GARY M. GAERTNER, Judge, concurring.

I concur in the majority opinion. I write simply to urge caution on the trial courts when granting motions to dismiss on the pleadings. It is true the obstacles to success presented by many claims appear substantial and obvious—as in the instant case—as early as the pleading stage. However, when a trial court moves beyond the four corners of a petition in determining a cause of action lacks merit on a motion to dismiss without following the procedures set forth in Rules 55.27(b) and 74.04, judicial economy—which is likely the intent of the trial court—is frustrated. A careful approach to these sorts of motions in order to ensure adherence to these rules will ensure the parties' procedural rights are safeguarded while advancing the judiciary's goal of economy.