In the Interest of W.L.B.,
L.L.M., B.J.B.

No. WD 56412.

Missouri Court of Appeals,
Western District.

Sept. 23, 1999.

Karon Ramsey, Kansas City, for Appellant.

Sandra Jean Wirtel, Katherine Jean Rodgers, Kathleen Jeanetta, Kansas City, for Respondent.

SPINDEN, Judge.

T.M. appeals the circuit court's judgment dismissing her petition to terminate letters of guardianship of her children granted to the paternal grandparents. She contends that her petition states a valid statutory claim for relief under Chapters 211 and 475, RSMo.[1] We reverse the judgment and remand her claim for further proceedings.

In 1992, the Juvenile Officer filed petitions on behalf of T.M.'s three children, then ranging in ages from one to three years, to terminate the parental rights of T.M. and the children's legal father. The circuit court found that the parents had not attended substance abuse counseling, had not provided adequate housing, and generally had not worked toward reunification or compliance with the Department of Social Service's plans. The circuit court found, pursuant to § 211.447.4(3), RSMo Supp.1998, that the children had been un-der the court's jurisdiction for more than a year, that potentially harmful conditions continued to exist, and that the children could not be returned to the parents' custody in the near future.

Despite its finding that clear, cogent, and convincing evidence established grounds for terminating T.M.'s right to parent her children, the circuit court concluded that termination was not in the children's best interests. Citing the children's emotional ties to their parents and the parents' extended residence at the paternal grandparents' house with two of the children while the case was pending, the circuit court found "continuation of a relationship with the natural parents" to be in the children's best interests. Pursuant to § 211.477.4(3), the court appointed L.H. and R.H., the paternal grandmother and step-grandfather, as guardians of T.M.'s children.

In 1998, T.M. asked the circuit court to terminate the grandparents' guardianship of the three children. A home study by Division of Family Services personnel concluded that either the mother or the grandparents would provide appropriate placement. The circuit court appointed a guardian *ad litem* for the children. The guardian *ad litem* and the grandparents responded with a motion to dismiss T.M.'s petition on the ground that it did not state a claim for which the court could grant relief. The circuit court granted the motion, and T.M. appealed.

T.M. alleges that §§ 475.083.2(2) and 211.443 provided sufficient grounds for the circuit court to terminate the grandparents' guardianship over her children. Section 475.083.2 is a part of the probate code and allows for court-ordered termination of guardianship. Section 211.443 states the juvenile code's overriding purpose: promotion of the child's best interests. We address only § 475.083.2(2) because it is dispositive.

1. All citations of statutes refer to the 1994 Revised Statutes.

T.M. cites her sobriety of three years duration, her stable employment, her ability to provide adequate housing and support for the children, and her continued emotional ties with the children as changed circumstances that make guardianship unnecessary. The guardians argue that §§ 211.442 to 211.487, the statutes governing termination of parental rights, do not authorize termination of guardianship and assert that issuance of letters of guardianship created a permanent plan equivalent to termination of parental rights.

■ When we review a circuit court's granting of a motion to dismiss, we accord to the pleadings their broadest intendment. We also treat all alleged facts as true, and we construe the allegations favorably to the plaintiff. *Shapiro v. Columbia Union National Bank and Trust Company,* 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). Because the circuit court did not specify its reason for sustaining the guardian *ad litem*'s and the grandparents' motion to dismiss, we assume that it dismissed the case for the reason stated in the motion: T.M. did not state valid statutory authority for terminating a guardianship created in a termination of parental rights proceeding. *I.R. Kirk Farms, Inc. v. Pointer,* 876 S.W.2d 283, 285 (Mo.App.1994). We must affirm the trial court's dismissal if any ground asserted in defendant's motion is valid. *Terre du Lac Association, Inc. v. Terre du Lac, Inc.,* 737 S.W.2d 206, 211 (Mo.App. 1987).

■ The General Assembly's statutes provide the only source of power for appointing guardians. *In the Estate of Ewing,* 883 S.W.2d 545, 547 (Mo.App.1994). The statute under which the circuit court granted the letters of guardianship, § 211.477.3, says:

> If ... the court finds that one or more of the grounds set out in section 211.447 exists, but that termination is not in the best interests of the child because the

court finds that the child would benefit from the continued parent-child relationship ..., the court may:

> ....

> (3) Appoint a guardian under the provisions of chapter 475, RSMo.

T.M. relies on the statute's reference to Chapter 475 to assert that the circuit court should have applied the probate code's termination of guardianship rules. We agree. The statute's plain language mandates that the probate rules govern guardianships created in termination of parental rights proceedings.

The record contains no evidence. that suggests, as the guardians and *amicus* argue, that the circuit court intended for the grandparents' guardianship to be permanent. We reject the argument. First, we see no indication that the General Assembly authorized in § 475.083 a "permanent" guardianship. Second, even if permanent guardianships were lawful, the circuit court explicitly refused to terminate T.M.'s rights to parent her children because to do so would be contrary to the children's best interests.

Section 475.030.4 permits the issuance of letters of guardianship in three situations: (1) where neither of a minor's parents is living; (2) where the minor's parents are unwilling or unable, or are adjudged unfit to assume guardianship duties; or (3) where the parents' rights to parent the child have been terminated pursuant to Chapter 211.

■ The circuit court did not terminate T.M.'s right to parent her children. We, therefore, deduce that the circuit court found T.M. to be unwilling or unable or unfit to serve as a guardian. Such a finding would not conflict with the circuit court's decision not to terminate her right to parent her children.

■ The duties of a natural parent overlap the duties of a court-appointed guardian. *Reece v. Reece,* 890 S.W.2d 706, 710 (Mo.App.1995). The circuit court not-

ed several factors that warranted termination of T.M.'s right to parent her children, so we assume that she would be unfit to serve as a guardian for the same reasons. The grounds that establish T.M.'s unfitness as a parent sufficed to prove her unfitness as a statutory guardian. In the face of an unfit natural guardian, the circuit court was obligated to appoint a statutory guardian to fulfill parental duties and obligations. *Reece,* 890 S.W.2d at 710.

■ In a dissolution case, this court said, "[T]he granting of letters of a minor is done as a stop-gap measure to provide for the care and custody of a minor for the period of time when the natural guardian-parent is unable, unwilling, or unfit to perform this parental function." *Flathers v. Flathers,* 948 S.W.2d 463, 468 (Mo.App. 1997). The *Flathers* court found that the issuance of letters of guardianship was not equivalent to a permanent award of custody. *Id.* at 468. The circuit court has the power to terminate guardianship under the provisions of Chapter 475 if it is in a child's best interests. Protection of the "best interests of the child" is the overriding goal of Missouri's child-welfare policy. Section 1.092, RSMo Supp.1998.

■ The circuit court's finding that a continued relationship between T.M. and her children was in the children's best interests provided a basis for its creating a guardianship in lieu of termination. The circuit court may have contemplated a time when T.M. would be able to re-assume her role as the children's custodial parent, and guardianship allowed it to provide for the children's care in the interim. Guardianship left open the possibility that T.M. would build on her emotional ties to her children and would assume personal and financial responsibility for their care.

■ A primary goal of § 211.443 is to assure that a child has a permanent and stable home. The guardians argue that, because § 475.083.6 permits the filing of a petition for termination every 180 days, allowing T.M.'s claim to proceed would defeat the purpose of the termination of parental rights action. This argument would be persuasive had the circuit court ordered termination, but it did not. The circuit court found that the grandparents provided a stable home, and it left open the possibility of reunification of T.M. and her children. The guardianship created the highest degree of stability possible, considering the emotional ties within the family.

Section 475.083.2(2) allows for termination of the guardianship "if the guardianship or conservatorship is no longer necessary for any other reason." We reverse the circuit court's dismissal of T.M.'s petition and remand for the court to determine whether the reasons for the guardianship are "no longer necessary" in this case.

PATRICIA BRECKENRIDGE, Presiding Judge, and VICTOR HOWARD, Judge, concur.